FRANK L. HERDIC, Appellant, *v.* CHARLES ROESSLER, Respondent.

The provision of the act of 1877 (Chap. 65, Laws of 1877), which requires that a note or other negotiable instrument, "the consideration of which shall consist, in whole or in part, of the right to make, use or vend any patent invention or inventions, claimed or represented by the vendor at the time of sale to be patented," shall have "the words 'given for a patent-right,' prominently or legibly written or printed" on its face, and that "such note or instrument in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner or holder," does not contravene the provisions of the Constitution of the United States (art. 1, § 8), which secures to a patentee for a limited time "the full and exclusive right and liberty of making, using and vending to others to be used" his invention or discovery, or of the acts of congress passed in pursuance thereof (5 U. S. Statutes at Large, 117.) The said act of 1877 does not operate as a lawful restraint upon the right of sale conferred upon the patentee by the acts of congress.

*Ex parte Robinson* (2 Biss. 309) distinguished

The right of a discoverer to sell his invention is not derived from his patent, but would exist although no patent laws had been enacted. He obtains by his patent the right to exclude others from selling or using his invention for the period specified, and this right is in no way interfered with by the act of 1877, the object of which is to protect against frauds in sales. It does not make the note illegal, although the statutory words are omitted, nor does it take from a *bona fide* transferee for value before maturity, without notice of the consideration, the protection accorded to commercial paper by the law merchant.

In an action upon a note, made in this state, given for a patent-right interest, it appeared that it was transferred by the payee to plaintiff in Pennsylvania, where the parties to the transfer resided. A statute of that state similar to the statute in this state was offered and received in evidence on the part of defendant, under objection. *Held* that the admission, if erroneous, was harmless; that the right to interpose the defense of want of consideration was governed by the *lex loci*.

(Argued March 2, 1888; decided April 10, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1886, affirming a judgment entered upon a verdict in favor of the defendant. (Reported below, 39 Hun, 198.)

This was an action upon a promissory note. The defense was failure of consideration.

The verdict of the jury sustained this defense. The consideration was the sale by the payee to the defendant of the right to make, use and vend a patented article, under an invention patented by the payee, and of a collateral agreement on his part to promote, by means of orders and in other specified ways, the business of the defendant. The words "given for a patent-right" were not written or printed in the note, as required by the act, chapter 65 of the Laws of 1877. The note was in the ordinary form of commercial paper, and was given, dated and payable at Buffalo, in this state, where the defendant resides and where the agreement was made in pursuance of which the note was given. It was subsequently, before maturity, transferred by the payee to the plaintiff in the state of Pennsylvania, where the parties to the transfer resided. It was claimed, and there was evidence tending to show, that the plaintiff paid value for the note, without notice of any defense, but it was proved and found by the jury that he had notice when he purchased it of the consideration for which it was given. The defendant was permitted, against the objection and exception of the plaintiff, to read in evidence a statute of Pennsylvania, similar to the statute of New York above referred to. The plaintiff requested the court to charge the jury that the statute, chapter 65 of the Laws of 1877, was unconstitutional and void. The court refused to charge as requested, to which refusal the plaintiff excepted.

*Truman C. White* for appellant. The right to make all laws necessary or proper for carrying into effect inventions given to the congress of the United States is exclusive. (*Cranston* v. *Smith,* 37 Mich. 309; Current Topics, 16 Alb. L. J. 325, 330; *Woolen* v. *Banker,* 17 id. 72, 332; *State* v.

Statement of case.

*Lockwood*, 43 Wis. 403; *Welch* v. *Phillips*, Neb. Rep. 27 Alb. L. J. 371; *In re Lake*, U. S. C. C. N. D. of Ohio, June, 1884, not reported.) If the Pennsylvania patent-right statute were constitutitional, still its admission in evidence by the trial court was error, and the exception thereto well taken, for the reason that the note in suit is distinctively a New York contract, made, delivered and payable at Buffalo in that state. (Story on Conflict of Laws, § 282; *Jewett* v. *Wright*, 30 N. Y. 259; *Merchants' Bank* v. *Griswold*, 72 id. 472.) Assuming the New York patent-right statute to be unconstitutional, this constitutes the plaintiff a *bona fide* holder and he is entitled to protection under the law merchant. (*Continental Nat. Bank* v. *Townsend*, 87 N. Y. 8; *Grocers' Bank* v. *Redfield*, 69 id. 502; Edwards on Bills and Notes, § 218; *Ellsworth* v. *St. L., A. & T. H. R. R. Co.*, 98 N. Y. 553.) The statute having been read to the jury, the plaintiff was entitled to have them instructed as to its validity. (*Platner* v. *Platner*, 78 N. Y. 90

*J. M. Chipman* for respondent. The Pennsylvania act of 1872, and the New York act concerning notes given for a patent-right, are constitutional. (Chap. 65, Laws of 1877; *Todd* v. *Wick*, 36 Ohio, 370; *Haskell* v. *Jones*, 86 Pa. St. 173; *Hunter* v. *Henninger*, 93 id. 373; *Bowen* v. *Kemerer*, 11 Phila., 557; U. S. Dig. 1881, 92; *Patterson* v. *State of Kentucky*, 97 U. S. 501; *Smith* v. *Tracy*, 2 Hall Supr. Ct. Rep. 465; *New* v. *Walker*, 108 Ind. 366; *Breckbill* v. *Randall*, 102 id. 528; *Webber* v. *Virginia*, 103 U. S. 344.) The courts of this State will not declare a statute unconstitutional unless a case is presented in which there can be no reasonable doubt. (*People* v. *Supervisors, etc.*, 17 N. Y. 235; *Ex parte McCollum*, 1 Cow. 550; *People* v. *Briggs*, 50 N. Y. 553; 55 id. 50; 78 id. 356.) It is incumbent upon the appellant, in attacking the unconstitutionality of these acts, to overcome, if he can, the strong presumption of validity and to satisfy this court beyond a reasonable doubt.

(Statutes of Ill. 1, 442; Statutes of Ind. 3, 364; Neb. Act, 27 Alb. L. J. 371; *Patterson* v. *State of Kentucky*, 97 U. S. 503, 506; *Jordan* v. *Supervisors, etc.*, 4 Ohio, 295; *Vanine* v. *Paine*, 1 Harr. [Del.], 65; 9 John. 507; 5 How. [U. S.], 583; 27 Vt. 149; *Slate* v. *Telephone Co.*, 36 Ohio, 296; 16 Wall. 36, 87; 74 N. Y. 521; *Bertholf* v. *O'Reilly*, 74 id. 502.) The fact that a statute discriminates in favor of or against one industry, does not make it unconstitutional. (*Commonwealth* v. *Bearse*, 132 Mass. 542: *Fray* v. *State*, 63 Ind. 552; *Robinson* v. *Hamilton*, 60 Iowa, 134; *Hawthorne* v. *People*. 109 Ill. 302; *State* v. *R. R. Co.*, 24 W. Va. 783; *Ex parte Martin*, 7 Nev. 140; *Inhabitants of Watertown* v. *Mayor, etc.*, 109 Mass. 315; *Alvord* v. *Syracuse Sav. Bk.*, 98 N. Y. 604; *People ex rel. McCarthy* v. *French*, 10 Abb. N. C. 418.) The exception to the admission in evidence of the Pennsylvania statute on the alleged ground that it had no application to a contract made and to be performed in this state was not well taken. (*Palmer* v. *Minar*, 8 Hun, 342; *Haskell* v. *Jones*, 86 Pa. 173; *Hunter* v. *Henniger*, 93 id. 173: *Leonard* v. *Col. Steam Nav. Co.*, 84 N. Y. 52; *Jessup* v. *Carnergie*, 80 id. 441; *Hunt* v. *Hunt*, 72 id. 218.) As plaintiff took the note in Pennsylvania in violation of a statute of his state, which was enacted for the protection of the maker of the note, he was not a *bona fide* purchaser. (*Lee* v. *Selleck*, 33 N. Y. 615; *Keutgen* v. *Parks*, 2 Sandf. 60; *Ramsdell* v. *Morgan*, 16 Wend. 574; *Felt* v. *Heye*, 33 How. 359; Daniel on Neg. Insts. § 770; Edwards on Bills, etc., § 517; *Hunter* v. *Henniger*, 93 Pa. 373.) Plaintiff was not a *bona fide* indorsee if he took the note upon a precedent debt. (*Turner* v. *Treadway*, 53 N. Y. 650.)

ANDREWS, J. The validity of the statute, chapter 65 of the Laws of 1877, is the principal question in this case. It is entitled "An act to regulate the execution and transfer of negotiable instruments given for patent-rights." The first section declares that "whenever any promissory note or other negotiable instrument shall be given, the consideration of

which shall consist, in whole or in part, of the right to make, use or vend any patent invention or inventions claimed or represented by the vendor at the time of the sale to be patented, the words " given for a patent-right shall be prominently and legibly written or printed on the face of such note or instrument above the signature thereto ; and such note or instrument in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner." Then follows a provision in the second section to the effect that if any person shall take, sell or transfer any promissory note or other negotiable instrument, not having such words therein, knowing the consideration of such note or instrument to consist, in whole or in part, of the right to make, use and vend any patent invention, shall be guilty of a misdemeanor.

The constitutionality of the act is assailed on the ground that it is in contravention of article 1, section 8 of the Constitution of the United States and the acts of congress enacted in pursuance thereof, which secure to a patentee, for a limited time, " the full and exclusive right and liberty of making, using and vending to others to be used," his invention or discovery. (5 U. S. Stat. at Large, 117.) It is insisted that the statute of the State operates as an unlawful restraint upon the right of sale conferred upon the patentee by the acts of congress. This question has been considered by the highest court in the states of Pennsylvania and Ohio, under statutes substantially like the statute in this state, and, in the opinions delivered, the constitutionality of the legislation was maintained. (*Tod* v. *Wick*, 36 Ohio, 370 ; *Haskell* v. *Jones*, 86 Pa. St. 173.) The plaintiff, however, in opposition to this view, cites several cases. (*Ex parte Robinson*, 2 Biss. 309 ; *Woolen* v. *Banker*, U. S. Ct. Court, S. D. Ohio, Sawyer, J. ; *In re Lake*, U. S. Ct. Court, N. D. Ohio, Matthews, J. ; *Cranson* v. *Smith*, 37 Mich. 309 ; *Wilch* v. *Phelps*, 14 Neb. 134 ; *State* v. *Lockwood*, 43 Wis. 403.) The leading case cited by the plaintiff, *Ex parte Robinson*, arose under a statute of Indiana, making it unlawful for a person to sell, or offer

to sell any patent-right within that state without first filing an authenticated copy of the letters-patent with the clerk of the court, and at the same time making an affidavit before the clerk that the letters-patent were genuine and had not been revoked or annulled, and that he had full authority to sell, etc. It was held by Mr. Justice DAVIS, sitting at circuit, that the law then in question was unconstitutional and void, as an infringement upon the right of sale secured to a patentee by the letters-patent. The other cases mentioned are founded mainly upon the authority of *Ex parte Robinson*. It will be observed that even if that case was well decided, it would not necessarily determine a case arising under our statute, which does not undertake to impose conditions upon the right to sell a patented invention, but simply prescribes that if a negotiable instrument is taken upon such sale, the words "given for a patent right" shall be inserted, and subjects the note to defenses existing against the original holder, notwithstanding its transfer. The Supreme Court of the United States in a recent case (*Patterson* v. *State of Kentucky*, 97 U. S. 501), had occasion to pass upon the validity of a statute of Kentucky, which prohibited the sale in that state of illuminating oils not bearing a prescribed test. The plaintiff was the patentee of an oil which, if the statute was valid, could not be sold at all in Kentucky, as it could not be made so as to conform it to the statute standard. It was claimed that the law was an invasion of the right secured to the patentee by his patent, to sell his invention. The opinion of Mr. Justice HARLAN in the case, upholding the statute, in which the court concurred, is an able and satisfactory exposition of the doctrine that the patent laws do not interefere with the power of a state to pass laws for the protection and security of its citizens in their persons and property, or in respect to matters of internal polity, although such laws may incidentally affect the profitable use or sale by a patentee of his invention. The Supreme Court of Indiana, after the decision in *Patterson* v. *Kentucky*, affirmed the constitutionalty of the Indiana statute, reversing its previous decisions to the contrary founded upon *Ex parte*

*Robinson.* (*Brechhill* v. *Randall*, 102 Ind. 528; *New* v. *Walker*, 108 id. 365.) Under this state of the authorities we feel at liberty to declare our concurrence in the views expressed by the courts of Ohio and Pennsylvania upon the general question. The right of a discoverer to sell his invention is not derived from his patent. This right would exist although no patent laws had been enacted. What he obtains by his patent is the right to exclude others from selling or using his invention for the period specified, the right to sell or use which would, except for the protection of the patent laws, be open to all the world. The statute of New York, now in question, in no way interferes with this exclusive right. A state law directly infringing this right would unquestionably be void. But the law of congress and the state law are not in conflict. The object of one is to secure to the inventor an exclusive right to use or sell his invention, and the object of the other is to protect against fraud in sales. The state law operates upon the thing taken for the right sold, when that is a negotiable instrument, by requiring the consideration to be plainly expressed, and thus subjecting the instrument, when transferred, to the same defenses in the hands of the transferee as in the hands of the original holder. The statute does not make the note illegal, although the statutory words are omitted, nor does it take from a *bona fide* transferee for value before maturity, without notice of the consideration, the protection accorded to commercial paper by the law merchant. This is the view taken in the case first cited, and is, we think, the true construction of the statute. It is impossible to say even that the statute operates to the disadvantage of the patentee. It may restrict the currency of the paper taken on sales of patent-rights, but, on the other hand, it may facilitate sales by inducing confidence on the part of purchasers, that they will be protected in case of fraud or other defense. We refer, for a fuller discussion on the general question, to the cases cited. The admission of the Pennsylvania statute in evidence, if erroneous, was harmless. The right of the defendant to interpose his defense against the plaintiff, the indorsee of the note, although

he was a purchaser for value, provided he had notice of the consideration, was secured to him by the *lex loci*, and the plaintiff took the paper subject to all the infirmities which attached to it by the law of the place where the contract was made and was to be performed. (Story's Prom. Notes, § 168 *et seq.* ; 2 Kent's Com. 459.) There is no other question which requires special notice.

The judgment should be affirmed.

All concur.

Judgment affirmed.