(19 Misc. Rep. 305.)

## PADDOCK v. COATES et al.

(Oneida County Court. January, 1897.)

1. BILLS AND NOTES—PROOF OF CONSIDERATION.
   Failure of consideration is not shown merely by evidence that the note was given for a patent right, and that the maker had received nothing from the patent.

2. SAME—PAYMENT FOR PATENT RIGHT—NONCOMPLIANCE WITH STATUTE.
   A note given for a patent right is valid in the hands of a bona fide purchaser for value before maturity, though it does not comply with Laws 1877, c. 65, providing that every such note must recite that it was "given for a patent right"; that it shall be subject to the same defenses against any purchaser as against the original holder; and that it shall be a misdemeanor for any person to take or transfer a note without complying with the statute.

Appeal from justice's court.

Action by Fred. N. Paddock against Charles J. Coates and others on a note given by defendants to A. A. Paddock, and assigned to plaintiff. The note sued on was given in renewal of a previous note given by defendants to Peter Hydorn for a patent right, and transferred to A. A. Paddock. From a judgment in favor of plaintiff for $29.18, defendants appeal. Affirmed.

P. H. Fitzgerald, for appellants.
R. S. Johnson, for respondent.

DUNMORE, J. No claim was made upon the trial that any fraud was practiced upon defendants at the time of the sale to them of the patent. Defendant Charles J. Coates testified that the only consideration for the note was the patent right, and that he had received nothing from the patent. No proof was given or offered, however, that the patent was worth less than the amount defendants agreed to pay for it. There was therefore no proof of any failure of consideration of the note. Defendants contend that the note was void for the reason that it did not contain the words "given for a patent right."

Section 1 of the statute (Laws 1877, c. 65) is as follows:

"Whenever any promissory note or other negotiable instrument shall be given, the consideration of which shall consist in whole or in part of the right to make, use or vend any patent invention or inventions, claimed or represented by the vendor at the time of sale to be patented, the words 'given for a patent right,' shall be prominently and legibly written or printed on the face of such note or instrument above the signature thereto; and such note or instrument in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner or holder."

The second section provides that any person who shall take, sell, or transfer any note or other negotiable instrument not having said words legibly written on the face thereof above the signature, know-

ing the consideration to have been a patent right, shall be deemed guilty of a misdemeanor.

The statute does not provide that the note shall be invalid, but provides that the note in the hands of any purchaser shall be subject to the same defenses as in the hands of the original owner or holder. A note given for a patent right which does not contain the statutory words is not for that reason illegal, and in the hands of a bona fide transferee for value, before maturity, without notice of the consideration, is entitled to the protection accorded to commercial paper by the law merchant. Herdic v. Roessler, 109 N. Y. 127, 16 N. E. 198. The defendants offered no proof upon the trial which would have rendered the note invalid in the hands of the original owner. Certainly, the rights of the transferee were equal to those of the original payee.

The judgment should be affirmed, with costs.