Summers, J.
Section 8178, Revised Statutes, reads: “A promissory note, or other negotiable instrument, the consideration for which consists, in whole or in part, of the right to make, use, *11 or vend a patent invention, or an invention claimed to be patented, shall have written or printed, prominently and legibly, across the face thereof, and above the signature thereto, the wards, ‘given for a patent right’; such instrument, in the hands of any purchaser or holder, shall be subject to the same defenses as it would be in the hands of the original owner or holder; and any person who purchases or becomes the holder of a promissory note, or other negotiable instrument, knowing it to have been given for the consideration aforesaid, shall hold the same subject to such defenses, although the words ‘given for a patent right’ are not written or printed upon its face.”
The contention of the defendants Johnson and Gill is that the note sued on, in the hands of the original holder or payee, would be always subject to the defense of payment, and that therefore, under the section, the note sued on was subject to this defense although it may have been transferred to the plaintiffs by endorsement of the payee for value before due in the usual course,and without notice or knowlege that it had been paid.
Three questions are presented, First: Did the $ourt er^r in overruling the demurrers to the answers of Johnson and Gill?
Second: Do the transferees of a negotiable promissory note, who receive the same bona fide for value without notice and before maturity, hold the same free from a defense that the note had been paid to the payee prior to such transfer?
Third: Do the transferees of such a note, given for a patent right and having written or printed across its face the words, “given for a patent right”, hold the same free from such a defense?
Does the answer state a defense?
“The mere possession of a negotiable instrument, produced in evidence by the endorsee, or by the assignee where no endorsement is necessary, imports prima facie that ■ he acquired it bona fide for full value, in the usual course of business before maturity, and without notice of any circumstance impeaching its validity,; and that he is the owner thereof entitled to recover the full amount against all prior parties. In other words, the production of the instrument and proof that it is genuine (where indeed such proof is nee-. *12 essary), prima facie establishes his case; and he may there rest it.”
Daniel on Negotiable Instruments, section 812.
But the principle is well established that if the maker or acceptor, who is primarily liable for payment of the instrument, or any party bound by the original consideration, under a pleading admitting of such proof, proves that the instrument has been lost or stolen, or that there was fraud or illegality in the inception of the instrument; or if- the circumstances raise a strong suspicion of fraud or illegality, the owner must then respond by showing that he acquired it bona fide for value, in the usual course of business, while current, and under circumstances which create no presumption that he knew the facts which impeach its validity,
Daniels on Negotiable Instruments, section 815; Commissioners, etc., v. Clark, 94 U. S., 279-285; Pana v. Bowler, 107 U. S., 529-541; King v. Doane, 139 U. S., 166, 173; Jones v. Gordon, 2 App. Cas., 616.
This is the rule laid down in Davis v. Bartlett and St. John, 12th Ohio St., 534, and in Johnson v. Way, 27 Ohio St., 374,
That such is the rule of evidence established by the cases, English and American, is apparent, but it is not so easy to determine what facts must be pleaded in the answer to admit evidence that calls for an application of the rule.
The question is noticed but not determined in Kitchen v. Loudenback, 3 O. C. C., 228; 48 Ohio St., 177.
In Lane v. Krekle, 22 Iowa, 399, 407, Judge Dillon, after stating the above rule, said: ‘‘But this is a rule relating to evidence, and not to pleading. Where the action is by a person not a payee, it is necessary to allege notice of the facts pleaded in defense, or that the holder gave no value, or received the paper after due. And this precise point was so ruled, as will be seen on a careful examination in Clapp v. Cedar County (5 Iowa, 15, 59). And see also, Uther v. Rich, 10 Ad. & El., 784, s. c., 37 Eng. C. L., 232-233, per Lord Denman; Fitch v. Jones, 85 Id., 238, s. c., 5 El. & Bl., 238; Bailey v. Bidwell, 13 M. & W., 73.”
In the First National Bank of Huntington, Indiana, v. Ruhl et al., 122 Ind., 279, it is held: To an action by the endorsee of a promissory note, an answer showing that the *13 note was obtained by fraud, without alleging notice to the plaintiff, states a prima facie defense, and the plaintiff in reply must show that he is a good-faith purchaser.
To the same effect is Thamling v. Duffey, 14 Montana, 567; 48 Am. St. R., 658.
The holding that the rule is one relating to the evidence and that it does not affect the rules of pleading seems to be supported by the better reason.
In Uther v. Rich, supra, Lord Denman, O. J., says: “The only proper mode of implicating the plaintiff in the alleged fraud by pleading, is to aver that h9 had notice of it, leaving the circumstances by which that notice is to be proved, directly or indirectly, to be established in evidence; and we cannot treat the allegation, that the plaintiff was not a bona fide holder, as equivalent to such an averment.’’
In Bailey v. Bidwell, supra, the action was on a promissory note by the indorsee against the maker. The third plea was that the note was illegal in its inception and that the plaintiff took it without value. The fourth plea averred the same illegality, and that the plaintiff took the note with notice. The fifth plea also averred the same illegality, and that plaintiff took the note after it was due. To each of these pleas the plaintiff replied de injuria. On the trial the illegality being proved,the judge charged that the onus is cast upon plaintiff of proving that he gave value. It was contended that this was error; that the question upon whom is the burden of proof, should be decided on the form of the issue, which was an affirmative allegation by the defendant, that the payee endorsed to the plaintiff without value; and that to sustain the charge would be to hold that the plaintiff’s proof is to be regulated, not by the form of the issue, but by the question whether a certain arrangement, of which he knew nothing, was illegal or not, and which is to afford a presumption against him. In the opinion, Alderson, R. says: “It appears to me that though the defendant is bound to aver in his plea both. the illegality and want of consideration, yet if he proves the illegality, and the plaintiff does not prove the giving of the consideration, the plea is maintained, because the proof of the illegality shows, prima facie, that the instrument is without consideration. The statement of the plaintiffs being en *14 dorsee, in the declaration, is an ambiguous statement; it may mean that he is the mere endorsee, or the endorsee for value. Then the defendant in his plea says: ‘It is an illegal bill, and I put it in issue whether you are an endorser for value.’ The illegality being.established in evidence, it then lies upon the plaintiff to answer the challenge as to the value given by him, which in this case he has not done. ’ ’
In Fitch v. Jones, supra, the action was on a promissory note by the endorsee against , the maker. Plea: that the defendant made the note and delivered it to the endorser in payment of a bet on the amount of hop duty; and that plaintiff took it when overdue, without value, and with notice of the premises. The plaintiff took issue thereon. No question is made on the pleadings, but, on the trial, Coleridge J., in summing up, stated that it lay on the defendant to prove the absence of consideration. The jury found for the plaintiff, and it was contended that this, direction was erroneous, and what Lord Campbell C. J. says in the opinion is helpful in determining the question of pleading. He says: “The other question is one of general importance. It is, whether in such a case as this, it lies on the plaintiff to show that there was consideration for the endorsements, or on the defendant to show that there was none; or in other words whether ¡be facts proved raised a presumption that there was no consideration. It is clear that, when there is illegality or fraud shown in a previous holder, a presumption that there is no consideration for the endorsement does arise; for the person who is guilty of illegality or fraud, and knows that he cannot sue himself, is likely to hand over the instrument to some other person to sue for him. It is not properly that the burthen of proof as to there being consideration is shifted, but that the defendant, on whom the burthen of proof that there was no consideration lies, has by proving fraud or illegality in the former holder raised, a prima facie presumption that the plaintiff is agent for that holder, and has therefore, unless that presumption be rebutted, proved that there was no consideration. But no such presumption arises where there was in the former holder a mere «want of consideration, without any illegality or fraud.’’
*15 The making of the note and its endorsement and delivery. to the plaintiffs not being denied, their action could be defended against only by an answer setting up new matter impeaching their title, as that the note had been paid and lost and that they took it with knowledge of the facts, or without value, or after maturity. And, as is said in effect by Mr. Justice Clifford in Commissioners v. Clark, supra, and by Lord Campbell C. J. in F tch v. Jones, supra, a plea that the plaintiff is not a holder for value, or that he took with knowledge of the facts, is under the rules of evidence supported by proof of the illegality or fraud.
The averment of illegality, fraud, or, as here,of payment before maturity and that the note had been lost or stolen is not a prima facie defense to the'petition, and when proved, does not defeát the plaintiffs if they prove that they purchased before maturity, in good faith, and for value. Proof of illegality, fraud, or that the instrument had been lost or;. stolen, when made under an answer admitting evidence tending to prove such fact,merely reverses the presumption that arises from the production of the.note that the endorsee acquired it bona fide for full value in the usual course of business, before maturity and without notice of any circum-. stances impeaching its validity, and makes it necessary to a recovery for the plaintiff to show that he acquired the instrument bona fide, for value, in the usual course of business, while it was current, and under circumstances which do not show bad faith or want of honesty on his part;and if he makes such a showing the defendant can defeat him only by proving bad faith or fraud on his part in taking the paper.
Daniel on Negotiable Instruments, section 819.
The conclusion reached is in accord with the forms given in Ohitty on Pleadings (16 Am. ed., vol. 2, pages 340,345.)
An opinion by Judge Dillon carries great weight, and we should have been content to rest the question upon his opinion in Lane v. Krekle, supra, without quoting from the cases cited by him, if Clapp v. Cedar County had not been questioned in Union Nat. Bank of Chicago v. Barber, 56. Iowa 559,
It is proper however to call attention to the fact that Lane v. Krekle is not mentioned in that case.
*16 The second question must be answered in the affirmative. In Kernohan v. Durham et al., 48 Ohio St., 1, 23, Dickman, J., said: “The rule is well established,that part payment, made on a negotiable instrument, should be minuted or entered on the paper itself; and when the instrument comes into the hands of a bona fide holder for value, before maturity, with no memorandum or other notice of part payment thereon, it can not be set up as a defense against it.”
The conclusion reached in that case supports the conclusion reached here.
The purchaser from a thief or finder of a lost negotiable security acquires a good title thereto as against the real owner where the purchase was bona fide for a valuable consideration before maturity and the instrument bore a genuine endorsement or is payable to bearer. Daniel on Negotiable Instruments, section 1469; 13 Am. & Eng. Enc. of Law, 1149, 1151; Randolph on Com, Paper, sections 1893, 1683.
It follows, therefore, that the maker, when he pays his note before maturity, must, in order to protect himself, cancel or destroy it.
The third question also must be answered in the affirmative.
The contention of counsel for the defendants in error is that the purpose of the statute was to destroy the negotiability of the note; that the legislature intended precisely what was written, that “such instrument, in the hands of any purchaser or holder, shall be subject to the same defenses as it would be in the hands of the original owner or holder,” and that the answer states a good' defense to the plaintiff’s petition, since payment to the original owner or holder would be a good defense to the instrument in his hands,
It is said that a similar act of Pennsylvania has been so interpreted by the courts of that state, and Weaver v. Frantz, 1st Pennypacker (Pa), 153, and Hunter v. Hemminger, 37 Legal Intelligencer, 412, are cited.
These reports are not at hand, but the official report of the case last cited is before us, Hunter v. Hemminger, 93 Pa. St., 373. This ease does not so hold. True, in the opinion, Gordon, J., says the act of April 12, 1872, was in *17 tended to destroy the negotiable character of such notes, but it is evident from a consideration of all that is said that what was meant is, that the .act was intended to so regulate the giving of such notes for patent rights as to prevent any defense arising out of the consideration being cut off from the maker by a transfer of the notes.
The same act was under consideration in Haskell v. Jones, 86 Pa. St., 173, and in the opinion Sharswood, J., intimates that an act making a negotiable instrument given for such consideration void in the hands of an innocent holder, would be unconstitutional, because no state may so interfere with the right of a patentee, secured to him by the acts of congress, to sell and assign his patent; and says “the sole object of the legislature was to secure, so far as could be done consistently with the rights of innocent third persons, that notice of the consideration should be given to all who should take the paper ”
In Tod v. Wick Bros. & Company, 36 Ohio St., 370, 389, Boynton, J., says: “The word ‘defenses’ in both of these clauses has the same meaning, and is limited to such matters of defense as grow out of the transaction in which the note or other negotiable instrument originated.”
But it is said that this is mere dictum,and that the dictum of Day, J.,in the State v. Brower, 30 Ohio, 101,where it is held that the statute includes only negotiable notes and instruments,supports the contention of the defendant. Day, J.,page 103, says: “Manifestly the whole purpose of the act was to enable the maker of negotiable instruments, given fdr a patent right, to make the same defense thereon, against any holder thereof, that could be made against the original holder or party to whom it was given.” This is in the nature of a quotation from the act, and does not suggest what is meant by “defense”.
That the statement of Boynton, J., is something more than mere dictum we think is apparent on examination of the whole case, and that he correctly states the meaning of the word “defenses” as used in the statute,is apparent from the considerations following.
If the legislature intended to destroy the negotiability of a note given for a patent right,it would have prohibited the giving of such a note. Instead it recognizes the right to *18 give such a note,and attempts no more than to regulate the giving of such a note by providing, in substance, that the note or instrument,if negotiable,shall bear the words “given for a patent right”. And it is held in Tod v. Wick Bros., supra, that a failure to place the words upon a note does not invalidate it even in the hands of a purchaser with notice, but merely makes it subject to the same defense that it would be open to if the statute had been observed,
John Ferguson, L. G, Addison, for Plaintiffs in Error.
G. L,Stoughton, and O.L. Aldrich, for Defendants in Error.
To have prohibited the giving of a negotiable note, or to have provided that such a note in the hands of an innocent holder should be void, might have been unconstitutional; and furthermore, the act of 1869 (66 O. L., 93), R. S., 3178, 3179,. is entitled “An act to regulate the execution and transfer of notes given for patent rights and to repeal an act on the same subject passed May 5, 1868”; and the act of 1868 (65 0. L , 127), is entitled “An act to regulate the sale of patent rights in the state of Ohio and to prevent fraud connected therewith.”
The abuse that it was sought to remedy was that of obtaining a negotiable instrument for a patent right, and then precluding a defense,in a suit on the note,of a want of consideration based on the invalidity of the patent or upon misrepresentations and fraud in the sale, by a transfer of the note before maturity for value to a person without knowledge of the facts that affected its validity, and this object could, perhaps, be just as certainly attained by the act in question as by one providing that a negotiable note given for such a consideration should be void.
The following cases throw some light upon the question determined: Herdic v. Roessler, 109 N. Y., 127; Tescher v. Merea, 118 Ind., 586; New v. Walker, 108 Ind., 365; 4 Am. & Eng. Ency. of Law (2nd Ed.), 136, note.
The judgment is reversed for error in overruling the demurrer to the answers of Johnson and Gill respectively,and for error in overruling the motion for a new trial on the ground that the verdict is against the weight of the evidence, and for error in the charge of the court, The judgment as to Cochran is affirmed, and the case remanded to the court of common pleas for further proceedings.