Robert Smith, Plaintiff, *v.* Flora A. Woodworth and Another, Defendants.

Supreme Court, Broome County, March 2, 1932.

*Hinman, Howard & Kattell* [*Morris Gitlitz* of counsel], for the plaintiff.

*Keenan, Brink & Harrison* [*Charles P. Brink* of counsel], for the defendants.

Heath, J. The above-entitled action is brought upon two certain promissory notes in the sum of $2,500 each.

The answers of the defendants set up as a defense that the notes in question were given as part purchase price for certain patent rights, without the words " given for a patent right " written or printed legibly and prominently on the face thereof; that " the plaintiff violated the provision of section 330 of the Negotiable Instruments Law of the State of New York and also the provision of section 1520 of the Penal Law of the State of New York, thereby committing a misdemeanor."

This is a motion to strike out the aforementioned defenses upon the ground that they are insufficient in law.

Section 330 of the Negotiable Instruments Law is as follows:

" § 330. Negotiable instruments given for patent rights. A promissory note or other negotiable instrument, the consideration of which consists wholly or partly of the right to make, use or sell any invention claimed or represented by the vendor at the time of sale to be patented, must contain the words " given for a patent. right " prominently and legibly written or printed on the face of such note or instrument above the signature thereto; and such note or instrument in the hands of any purchaser or holder is subject to

the same defenses as in the hands of the original holder; but this section does not apply to a negotiable instrument given solely for the purchase price or the use of a patented article."

Section 1520 of the Penal Law is as follows:

"§ 1520. Notes given for patent-rights. A person who takes, sells or transfers a promissory note or other negotiable instrument, knowing the consideration of such note or instrument to consist in whole or in part, of the right to make, use or sell any patent invention or inventions, or any invention claimed or represented to be patented, without having the words ' given for a patent-right ' written or printed legibly and prominently on the face of such note or instrument above the signature thereto, is guilty of a misdemeanor."

Section 330 of the Negotiable Instruments Law does not expressly declare illegal a patent right note which lacks the required words. It provides that where the words " given for a patent right " appear upon the face of the note the maker is afforded the same defenses against a transferee as he would have against the payee. The defendants contend that there is no other penalty for the violation of section 330 than to consider illegal a note so given. The penalty would seem to be that the maker will be prevented from raising defenses against an innocent purchaser which he might have raised against the payee.

If the Legislature had intended to declare void any patent right note which lacked the required words, it could have said as it did in relation to usurious transactions, that the note or contract " shall be void." (Gen. Business Law, § 373.)

A patent right note without the required words is legal in the hands of an innocent purchaser. (*Paddock* v. *Coates,* 19 Misc. 305; *Herdic* v. *Roessler,* 109 N. Y. 127.)

A statute in derrogation of common law will be strictly construed. " The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied." (*Dean* v. *Metropolitan El. R. Co.,* 119 N. Y. 540.) The mischief to be remedied by section 330 was the negotiation of patent right notes procured through fraud.

The defendants urge that when the payee took this note in part payment of a patent right without the required words he committed a misdemeanor by virtue of section 1520 of the Penal Law, and that it would " be against public policy to enforce the collection of a promissory note, the very acceptance of which by the payee constitutes a crime."

In support of this proposition the defendants have cited the case of *Spring* v. *Quance* (3 How. Pr. [N. S.] 65). That case is

practically on all fours with the case at bar. The maker was sued upon a patent right note which did not contain the words " given for a patent right." The statute at that time (Laws of 1877, chap. 65) combined the features of section 330 of the Negotiable Instruments Law and section 1520 of the Penal Law. The court said, " This statute does not in express terms provide the note shall be void; it does make the taking of the note a misdemeanor, and it in effect provides the note shall not be given without these words upon the face, because it provides whenever any such note shall be given it shall have these words upon its face. It seems to me to follow, therefore, that this note was taken by plaintiffs in violation of the statute; that the statute prohibits the giving or taking of such a note. If I am right about this proposition, it is difficult to see how I am to avoid the necessary conclusion that the note is utterly void."

In the first place it would seem that the learned justice used altogether too strong language when he felt constrained to say that " the note is utterly void." It has already been pointed out in this opinion that our courts have held such a note is good in the hands of an innocent purchaser. This, of course, would not be true if the note were " utterly void." The learned justice in the *Spring* case draws an analogy with the cases decided under the statute of 1840, *prohibiting* bank associations from issuing or putting into circulation any bills or notes unless payable on demand and without interest, and he cites the case of *Leavitt* v. *Palmer* (3 N. Y. 19), where the court held that a note was illegal when given in the face of this prohibitory statute, *i. e.*, a statute which by its terms prohibited the giving of such notes. The Court of Appeals in the *Leavitt* case (at p. 32) said: " The first question which I shall consider, is upon the validity of the notes. And I feel no difficulty in agreeing with the supreme court, that the notes are illegal and void. They were issued in direct violation of a statute, which provides, that ' no banking association ' ' shall issue or put in circulation any bill or note of said association,' unless the same shall be made payable on demand, and without interest." Here we have a direct prohibition. It would seem logical to determine that an act which is directly prohibited by statute is an illegal act. If the issuing of notes of a certain character were expressly prohibited by law, it would seem to be impossible to maintain that they were valid and legal notes.

The learned justice in the *Spring* case quoted from the case of *Barton* v. *Port Jackson, etc., Plankroad Co.* (17 Barb. 397, 404), in which the court said: " The contract in question was within the express prohibition of the statute. The section is only prohibitory

in its terms; it does not declare in so many words that all such contracts should be void; but that is not necessary. Every act done against a prohibitory statute is not only illegal but absolutely void; the court cannot assist an illegal transaction in any respect." This language is fitting only if it be determined that the statutes involved are prohibitory statutes and if the mischief to be remedied were the mere giving or taking of such a note.

The learned justice in the *Spring* case cites with approval the case of *Palmer* v. *Minar* (8 Hun, 342, 346, 347), in which the General Term of the Third Department said that a note was void in the hands of the payee where it was taken in the State of Pennsylvania which had a statute similar to ours. The difficulty with this decision would seem to be that the court of last resort of the State of Pennsylvania in the case of *Haskell* v. *Jones* (86 Penn. St. 173) has held, " such is not the operation of the act, according to its letter and spirit."

Having due regard for the doctrine that " the rule of *stare decisis* is not always to be relied upon, and should not be pressed too far " (8 Green Bag, 257), this court is constrained to differ with the decisions relied upon by counsel for the defendants.

Section 1520 of the Penal Law is a highly penal statute and deserves a strict construction. (*Gay* v. *Seibold*, 97 N. Y. 472.) It is a measure intended to be for the interest of the commercial community and had its foundation in public policy. It simply makes it a misdemeanor to do that which is therein specified and that is all. To that extent only can section 1520 be declared a prohibitory statute.

In the case of *Gay* v. *Seibold* (*supra*) a statute of this State read, " no person shall hereafter transact business in the name of a partner not interested in his firm, and where the designation ' and Company ' or ' & Co.' is used, it shall represent an actual partner or partners. * * * Any person offending against the provision of this act * * * shall be deemed guilty of a misdemeanor." The plaintiff sued upon a bond and the defense was that the plaintiff had violated this prohibitory statute. The Court of Appeals said (97 N. Y. 477), " such a transaction is not one of the mischiefs sought to be remedied by the statute. Therefore, although this transaction should be held to be within the letter of the statute, it is clearly not within the purpose and intention of the statute, and hence it is outside of the statute. It is a rule peculiarly applicable to the construction of the penal statutes, that a thing within the letter of a statute is not within the statute, unless within the intention thereof. * * * It is. said in an old case (*Eyston* v. *Studd*, 2 Plowden, 465), ' it is not the words of the

law, but the internal sense of it that makes the law, and our law, like all others, consists of two parts, viz., of body and soul; the letter of the law is the body of the law, and the sense and reason of the law is the soul of the law, *quira ratio legis est anima legis.*' "

It would seem that this language of the *Seibold* case is particularly applicable to the defenses raised in this case. The whole purpose of the Negotiable Instruments Law and of the Penal Law was to prevent a fraudulent patent right note coming into the hands of an innocent purchaser. This plaintiff did not negotiate the notes in question. It would seem there has been no violation of the intent of the Legislature. If this note be fraudulent in fact, the defendants may avail themselves of that defense as against this payee. If the note be not fraudulent in fact, it would seem that the maker should not be permitted to disclaim liability upon the claim of a technical violation of the penal statute.

The court is not unmindful of the language of NELSON, J., in the case of *Pennington* v. *Townsend* (7 Wend. 276, at p. 280), " there is no distinction between an act *malum prohibition* and *malum in se*. Both are equally forbidden, and unlawful; and I will add, both are immoral, and cannot be the foundation of a civil right that will be enforced in a court of justice." The answer to that proposition would seem to be that the thing the Legislature intended to prohibit in the statutes under discussion was the negotiation of a patent right note.

Counsel for the plaintiff has submitted the case of *Herdic* v. *Roessler* (109 N. Y. 127) as authority upon the proposition under discussion. The defendants deny the application of this case, maintaining that the language upon which the plaintiff places emphasis is merely dictum. It is the contention of the defendants that the Court of Appeals merely held that the statute there involved was constitutional. The Court of Civil Appeals of Texas in the case of *Spellman* v. *White* (22 S. W. [2d] 484) cites the *Herdic* case as truly deciding that a note without the required words is legal in the hands of a payee. Likewise the court in the case of *McCabe* v. *Williams* (45 N. Dak. 330) cited the *Herdic* case to the same effect.

This court is not unmindful of the fact that the cases of *New* v. *Walker* (108 Ind. 365; 58 Am. Rep. 40; 9 N. E. 386) and *Johnson* v. *Martin* (19 Ont. App. 592) would seem to support the contention of the defendants.

However, for the reasons hereinbefore assigned, this court holds that the defenses are not sufficient in law, and the motion of the plaintiff is granted.