ZINA WEINSTEIN, Plaintiff, *v.* SANTINI TRANSFER Co., INC., Defendant.

City Court of New York, Bronx County, March 23, 1935.

*Panken & Levy* [*Matthew M. Levy* of counsel], for the plaintiff.

*Abraham Solomon,* for the defendant.

ADLERMAN, J.   The plaintiff stored with the defendant, a warehouse company, household goods and effects, and upon the nondelivery of said goods to her has brought this action to recover damages for the conversion thereof.

On December 11, 1931, and for some time prior thereto, the plaintiff resided with her husband at 1000 Whitlock avenue, borough of The Bronx, city of New York.   On that date, while in the kitchen of said premises, the husband committed suicide by taking gas.   As a result of the escaping gas, an explosion occurred in the kitchen, causing damage to some of the articles therein contained.   Thereafter an adjuster of the fire insurance company called for the purpose of adjusting the damage and, after a complete examination, reported that the sound value of the plaintiff's household furniture and effects was between $1,500 and $1,800.   He estimated that the total damage as a result of the explosion was $383, which sum the insurance company paid the plaintiff.

Plaintiff claims the purchase price of all the property totalled over $3,000.

By reason of her bereavement, plaintiff moved from her apartment on December 19, 1931, and placed her household goods and personal effects with the defendant.   The address given by the plaintiff to the defendant, according to defendant's records, was 3451 Giles place, Bronx, New York city, care of Viliatzer.   During the latter part of January, 1932, the plaintiff moved to 915 Prospect avenue, Bronx.   Shortly thereafter she called at the defendant's office and notified the defendant of her new address.   The defendant's warehouse receipt provided that all bills are payable quarterly. During the following March the plaintiff went to the defendant's office and requested her bill, stating that she wished to pay the same.   The defendant sought to collect five dollars more than was due.   The plaintiff thereupon requested the employee in charge to report the matter to her employer and to have him send her a corrected bill.   The plaintiff testified that she made at least two further visits to defendant's office in an effort to obtain a bill and that she was informed by Mr. Bertalocci, defendant's president, that the bill would be settled when she found a permanent apartment.   Finally, during the latter part of August, 1932, the plaintiff found an apartment and prepared to establish a permanent home.   She called upon the defendant for the purpose of settling her bill and obtaining her furniture and effects and was informed that her furniture and effects had been sold at auction because her bill had not been paid.   At that time, two of her

pictures, one a portrait painting of her deceased husband, were hanging on the wall of the defendant's office.

The evidence discloses that the plaintiff did not receive notice of the sale or that she ever received a bill from the defendant. The notice of sale was published in the *Journal of Commerce*, a paper published in the county of New York.

The sale of the plaintiff's property realized the total sum of $18.15. Mr. Bertalocci, president of the defendant, generously bid and paid one dollar for the plaintiff's combination radio and victrola, for which she had paid $325. He testified that the plaintiff's Singer electric sewing machine had been thrown away. Several articles were not sold and no explanation was offered as to the disposition thereof. The defendant rests its case upon the production of a returned and canceled registered envelope purporting to have contained the notice of sale relied upon by the defendant. The envelope was addressed to the plaintiff at 3451 Giles place, Bronx, New York city, but omitted care of Viliatzer. This envelope bore the mailing date of July 20, 1932, and was returned undelivered to the defendant.

The plaintiff contends that the defendant failed to comply with the provisions of section 118 of the General Business Law and is, therefore, liable to the plaintiff for the conversion of her property. This section gives to the warehouseman the right, conditioned upon compliance with the provisions thereof, to sell at public auction property stored with him and to apply the proceeds thereof in payment of his charges. Under well-defined principles of statutory construction, the method for the enforcement of such rights must be strictly construed. It is elementary that statutes in derogation of the common law must be strictly construed. (*Sylvester* v. *Brockway Motor Truck Corp.*, 232 App. Div. 364; *Smith* v. *Woodworth*, 142 Misc. 889.) Section 118 of the General Business Law, among other things, provides as follows: " A warehouseman's lien for a claim which has become due may be satisfied as follows: The warehouseman shall give a written notice to the person on whose account the goods are held and to any other person known by the warehouseman to claim an interest in the goods. Such notice shall be given by delivery in person or by registered mail addressed to the last known place of business or abode of the person to be notified."

It is conceded that personal notice was not given to the plaintiff herein and, further, that the plaintiff did not receive any notice of any kind of the sale of her property, and it is elementary that the defendant's sale of the plaintiff's property without giving to her notice thereof in accordance with the provisions of section

118 of the General Business Law, constituted a conversion for which it must respond in damages. (*Dawley* v. *Loria*, 173 N. Y. Supp. 468.)

There was a further failure to comply with section 118 in that the advertisement of the sale was not published in the place where such sale was to be held, as required by said section. The sale was held in Bronx county; the advertisement thereof was allegedly published in the *Journal of Commerce*. The *Journal of Commerce* is published in New York county. The statute explicitly directs that the sale be advertised in a paper "published in the place where such sale is to be held." In the case at bar there was no proof whatever that the *Journal of Commerce* is either published or circulated in Bronx county.

The record presents ample evidence of bad faith on the part of the defendant. The defendant, by its acts and omissions, and in disregard of the provisions of the General Business Law, deprived the plaintiff of her household furniture and personal effects having a sound value of $1,500. It is evident that this sale was so conducted that the property sold only realized the sum of $18.50. It is a matter of common knowledge that a great many sales are conducted by warehousemen and others in a similar manner and that advantage is thus taken of the needy and helpless who might be incapable of protecting themselves.

The plaintiff testified that the purchase price of all the property totalled over $3,000. It had been appraised by the insurance adjuster, a competent appraiser, at the time of the fire, as between $1,500 and $1,800 and the sum of $383 was the estimated value of the total loss as a result of the fire. The plaintiff is entitled to recover the sum of $1,117. The rule with regard to the measure of damage in cases of this kind is stated by the Court of Appeals in the case of *Lake* v. *Dye* (232 N. Y. 209) as follows: "Wearing apparel in use and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. Where such articles have been converted, the amount of the recovery ought not to be restricted to the price which could be realized by a sale in the market. The owner should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it. (*Barker* v. *Lewis Storage & Transfer Co.*, 78 Conn. 198; *Green* v. *Boston & Lowell R. R.*

*Co.*, 128 Mass. 221; Sedgwick on Damages [9th ed.], vol. 1, at p. 504, §§ 250 and 251; Sutherland on Damages [4th ed.], vol. 1, §§ 1109–1117.) ''

The defendant sets up a counterclaim for $31.25, the difference between the amount of $50, due for storage charge, and $18.75, the sum realized on the sale. The counterclaim is dismissed and verdict directed in favor of the plaintiff for the sum of $1,117, with proper exception to the defendant. Ten days' stay and thirty days to make a case.