## EX PARTE LEE ANDERSON V. THE STATE.

### No. 4289.  Decided March 18, 1908.

**City Charter and Ordinance—Habeas Corpus—Reasonable Ordinance—Constitutional Law.**

An ordinance of a city, under special charter, which by reason of said charter and the ordinance passed thereunder, provides that it is only after night-soil and other matter becomes a nuisance that the city intervenes, and limits its removal to its licensed officer, is reasonable and constitutional.

From Tarrant County.

Original application for habeas corpus for release from arrest under a complaint filed in the corporation court of the City of Fort Worth charging relator with a violation of the garbage ordinance.

The relator was charged in the corporation court of the City of Fort Worth, that on a certain date within said corporate limits of said city, Tarrant County, Texas, the said relator not then and there being a duly licensed garbage officer of said city, or his assistant, did then and there unlawfully haul, carry and transport at night along and over the streets, roads and alleys of said city, night-soil and valueless garbage and did then and there dump said night-soil and valueless garbage into the dumping grounds of said city. And the said relator (Lee Anderson) not then and there being a duly licensed garbage officer of said city or his assistant did then and there follow the vocation of removing night-soil and

valueless garbage for hire, in violation of the ordinances of said city in such cases made and provided, contrary to the law of the State of Texas, and against the peace and dignity of the State.

The opinion states the case.

*Parker & Parker,* for relator.—It seems that the courts of the different States are not entirely in harmony as to the legality of the general proposition involved in this ordinance, that is, whether or not a municipal corporation by arbitrarily placing the collection and removal of garbage, etc, from private premises at the expense of the owner, into the hands of a public contractor. Without discussing the various opinions rendered by the different courts, we say they all seem to arrive at the same conclusion in the end. In the light of all the authorities we have examined upon this question we do not believe that this municipal corporation can grant a monopoly to one individual by contract or otherwise, to enter upon the private premises of the inhabitants of the city, and at their expense collect and remove substances not in themselves nuisances. Iler v. Ross, 57 L. R. A., 895.

*F. J. McCord,* Assistant Attorney-General, for the State, *Bradley & Young* and *McGrady & McMahon,* for respondent, *Sidney L. Samuels,* Corporation Counsel, City of Fort Worth.—The title of the ordinance is as follows:

"An ordinance providing for the protection of the health of the inhabitants, the destruction and prevention of nuisances, the cleansing of premises, removal of night-soil and other garbage, and the licensing of persons to remove night-soil and other garbage, fixing penalties for violation of same, and providing for the repeal of Ordinance 25, and all ordinances in conflict herewith." Fahey v. State, 11 S. W. Rep., 108, (27 Crim. App., page 146); State v. Cantieny, 24 N. W., 458.

The ordinance and amendment thereof was reasonable and valid and one which the city was authorized to enact in the exercise of its police power and for the preservation of the health of the people of the city, and to prevent the spread of disease among the inhabitants of the City of Fort Worth.

Inasmuch as the ordinance did not seek to prevent the owners thereof from disposing of garbage which might have a property value and that was not a nuisance in and of itself, it was not in violation of the Constitution of this State, nor did it seek in any way to create or maintain a monopoly in the hands of any private person, nor was it the taking of private property for public use without compensation. Re Vandine, 6 Pick. (Mass.), 187; 17 Am. Dec., 351; Walker v. Jameson, 140 Ind., 591; 49 Am. St. Rep., 222; 37 N. E., 402; 39 N. E., 869; City of Grand Rapids v. DeVries, 123 Mich., 570; 82 N. W., 269; People v. Gardner, 136 Mich., 693; 100 N. W., 126 (affirmed by U. S. Supreme Court in case of Gardner v. Mich., 199 U. S., 325; 50 L. Ed., 212); State v. Orr, 8 Conn., 101; 35 Atl., 770; 34 L.

R. A., 279; DuPont v. District of Columbia, 20 App. D. C., 477; City of Ouray v. Corson, 14 Colo. App., 345; 89 Pac., 876; Boehm v. City of Baltimore, 61 Md., 259; Smiley v. MacDonald, 42 Neb., 5; 60 N. W., 355; 47 Am. St., 684; River Rendering Co. v. Behr, 7 Mo. App., 345; Atlantic City v. Abbott (N. J. Sup.), 62 Atl., 999; City of Louisville v. Wible, 84 Ky., 290; Swift v. New York, 83 N. Y., 528; Gardner v. Michigan, 199 U. S., 325; 50 L. Ed., 212; California Reduction Co. v. Sanitary Reduction Works, 199 U. S., 306; 50 L. Ed., 204; 1 Dil. Mun. Corp., sec. 144 note; sec. 569 and notes; Horr & Burns Mun. Corp., sec. 220.

In conclusion it should not be forgotten that even the Constitution of the United States, which prohibits States from interfering with interstate commerce, does not prohibit the States, within their respective spheres, from enacting needful police regulations, though such laws or regulations may incidentally or in some slight degree impede such commerce. Hennington v. Georgia, 163 U. S., 299; Patapsco Guano Co. v. Board of Agriculture, 171 U. S., 345.

BROOKS, JUDGE.—This is an application for a writ of habeas corpus filed by relator, insisting that he is illegally restrained of his liberty by J. H. Maddox, Chief of Police of the City of Fort Worth, on a charge of violating the grabage ordinance.

Relator insists that the ordinance of the City of Fort Worth is unconstitutional on the ground that same is unreasonable. The charter authorizes the City of Fort Worth to pass a garbage ordinance to clean up and keep the city in a sanitary condition. We do not believe it necessary to quote either the clause of the charter or the ordinance, in detail on this question. The ordinance, among other things, provides that it is only after night-soil, and other matter becomes a nuisance that the city intervenes, and limits its removal to its licensed officer. Section 11 of said article reads, as follows: "Any person shall have the right to remove or have removed from his own premises any stable manure, swill or other garbage having a value (but in no event to include night-soil) provided he removes the same or has it removed before it becomes a nuisance, and provided further, that all swill, dish-water, slops or other garbage of a watery kind shall be removed in water-tight vessels or receptacles with tight covering preventing the escape of same or offensive odor therefrom."

There are many other salutary provisions of the ordinance such as requiring the offal to be dumped at a certain place, etc. We hold that the above ordinance is reasonable and that relator has no ground for complaint. The authorities are too numerous on this question to be cited.

Relator is therefore remanded to the custody of the officer.

*Relator remanded to custody.*