## EX PARTE W. T. HOWELL.

### No. 2593. Decided June 18, 1913.

**1.—City Charter and Ordinance—Scavenger—Reasonable.**

Where, by special charter, the city was authorized to pass a scavenger ordinance, confining this duty to one certain person, the same was reasonable and valid. Following Anderson v. State, 52 Texas Crim. Rep., 243, and other cases.

**2.—Same—Charter Powers—Police Power.**

Where the charter authorized the city to appoint a city scavenger, and the city thereon passed a proper ordinance for such scavenger, the same was a valid exercise of the police power thereunder.

**3.—Same—Case Stated—Habeas Corpus—City Scavenger.**

Where a city, under a special charter, had authority to appoint a city scavenger and thereunder passed a proper ordinance and appointed such scavenger to the exclusion of others, and relator engaged in the business of cleaning privies and closets in said city other than his own· and was convicted for said violation of the ordinance, he must be remanded to custody on a writ of habeas corpus.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a habeas corpus proceeding remanding relator to custody for a violation of a city ordinance; penalty, a fine of $10.

The opinion states the case.

*R. S. Phillips* and *J. M. Moore,* for relator.—On question of invalidity of ordinance: State v. Hill, 36 S. E. Rep., 326; Ex parte Lowe, 54 Kan., 757; Meyer v. Jones, 49 S. W. Rep., 809; Knauer v. City of Louisville, 45 S. W. Rep., 510; Ex parte Robison, 17 S. W. Rep., 1057.

On question of ultra vires: 20 Am. & Eng. Ency. of Law, 1140-1142; Ex parte Savage, 63 Texas Crim. Rep., 285, 141 S. W. Rep., 244.

*W. B. Harrell,* for respondent.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Relator was arrested charged with a violation of the ordinance of the City of Cleburne. When tried he was convicted and his punishment assessed at a fine of $10.

He sued out a writ of habeas corpus before the county judge, contending that the ordinance under which he was convicted was invalid. Upon a hearing he was remanded to the custody of the officers by the county judge, from which action he prosecutes this appeal. The city attorney has filed an able brief, which we adopt as the opinion of the court:

On the 28th day of September, 1910, the City of Cleburne, a municipal corporation, acting under a special charter granted by the Legislature of the State of Texas, passed an ordinance known as the "Scavenger Ordinance," which ordinance creates the office of city scavenger for the city, and prescribes his duties, and the charge that shall be made for the same, which ordinance provides that the city scavenger shall be appointed by the City Council, and shall hold his office for the period of one year, and which ordinance further provides that the scavenger work within the City of Cleburne shall be done exclusively by the city scavenger of said city, and that it shall be unlawful for any person or corporation to do said work, and that any person or corporation violating the provisions of the said ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than $1, nor more than $10, which ordinance is fully set out in the statement of facts in this case. The City Council of the City of Cleburne advertised for bids for this office of city scavenger for the year 1913, and the year 1914, which was to begin at the fiscal year of said city in April, 1913, and extend until April, 1914, and until the successors should be appointed and qualified. The bids of O. C. Warenskjold (Vanshaw), and W. T. Howell, the relator, among others, were submitted to the City Council on the 21st day of March, 1913, and the bid of O. C. Warenskjold being the lowest was accepted by the City Council on the 21st day of March, 1913, to take effect on the 1st day of April, 1913, and to continue one year. W. T. Howell, the relator, made a bid for this same office, which was rejected. O. C. Warenskjold was then appointed city scavenger of said city and qualified by making his contract, and filing a bond, which was on the 4th day of April, 1913, approved by C. W. Breech, Mayor.

O. C. Warenskjold was duly appointed city scavenger for said city— had accepted said place, and qualified, and was acting as said officer of the City of Cleburne from and after the 1st day of April, 1913. W. T. Howell was convicted in the corporation court of the City of Cleburne for violating the city scavenger ordinance of said city, and being charged

with the offense and convicted of cleaning privies and closets other than his own, after April 1, 1913.

The appellant, or relator, W. T. Howell, filed his motion for a new trial, which was overruled, and made application to the County Court of Johnson County for a writ of habeas corpus, which application was by the County Court of Johnson County, Texas, on the 24th day of April, 1913, heard and refused, and the relator was remanded to the custody of the city marshal. The relator excepted to the action and judgment of the court, and gave notice of appeal to this court.

In the brief and argument of the relator he sets up two grounds why the writ of habeas corpus should have been granted, and why he should be discharged from the custody of the city marshal of the City of Cleburne. The first being because the ordinance is unreasonable and oppressive; and the second being that the ordinance is void because of no provision in the charter of the City of Cleburne which would authorize or justify such a drastic ordinance. In reply to these we will consider them in the order in which they have been presented to this court:

First, that the ordinance itself is unreasonable and oppressive, in that it prohibits any other person save the city scavenger from cleaning and removing the soil from the privies. The City of Cleburne, in answer to this proposition of relator, is of the opinion expressed by Judge Brooks in 53 Criminal Reports in the case of Ex parte Lee Anderson, 53 Texas Crim. Rep., 243, from Tarrant County, which was a case somewhat similar to this one, and Judge Brooks in refusing the application for a writ of habeas corpus and remanding the relator, says:

"We hold that the above ordinance (referring to the ordinance of the City of Fort Worth) is reasonable, and that relator has no ground for complaint. The authorities are too numerous on this question to be cited."

We refer the court on the question of the reasonableness of this ordinance to the case of Iler v. Ross, reported in 90 N. W. Rep., 869, and 97 American State Reports, page 676. This case is a very full discussion of an ordinance similar to this, upholding the same, and holding that it is a reasonable exercise of the police power. There is a very lengthy discussion of this ordinance, or one similar to this, in the 1st American and English Annotated Cases, page 442; also in the case of The State v. Wm. F. Robb, 4 Am. & Eng. Ann. Cases, p. 275; and then the case of Smiley v. MacDonald, 42 Neb., 5, 47 Am. St. Rep., 684; The People v. Gordon, 21 Am. St. Rep., 524; California Reduction Co. v. Sanitary Reduction Co., 199 U. S., 306, which affirms the case in 126 Fed. Rep., 29. The case of The State v. Orr, 34 L. R. A., 279; City of Grand Rapids v. DeVries, 123 Mich., 570, 82 N. W. Rep., 269; Ex parte Vandine, 6 Pick., 187, 78 Am. Dec., 351; State v. Holcomb, 56 Am. State Rep., 858; Slaughterhouse Cases, 16 Wallace (U. S.), 36.

The relator in his argument says that it is conceded that there is a sharp conflict in the authorities as to the power of municipal corporations in the exercise of police powers to pass ordinances such as the one

assailed, but we think the great weight of authority is against his contention, and especially the decisions of our own courts. And the second ground is the one on which the relator assails the ordinance, because there is no provision in the charter of the City of Cleburne, which would authorize or justify such a drastic ordinance, but on the contrary, the charter of said city expressly provides ways, etc., which the same end will be arrived at.

Under this ground on which the relator assails the ordinance, he cites several provisions of the city charter, and the case of Ex parte Savage, 63 Texas Crim. Rep., 285, 141 S. W. Rep., 244, which was a bill-posting case, and there being no charter provision in the city charter of the City of Paris for the office of bill-posting, the court held in that case, that the ordinance creating the office of bill-poster for the City of Paris, and prescribing his duties, was beyond the powers of the City Council of the City of Paris. I will refer this court to the following provisions of the city charter of the City of Cleburne, which clearly gives the City Council of this city power and authority to create the office of city scavenger, and prescribe his duties. The first provision, section 4 of the charter, provides:

"That the municipal government and management of the affairs of the City of Cleburne shall be, and the same are hereby lodged in the City Council, the *officers* of said city, the board of school trustees, and corporation court, with functions and powers set out herein."

Sec. 26. Under the title of officers: "The City Council shall elect to serve during the pleasure of the City Council for a term not to exceed one year, the following officers and employes, towit: A city engineer, a pound keeper, a chief of fire department, a street commissioner, a city physician, who shall be the health officer and sanitary inspector, one or more city scavengers, all paid firemen."

Sec. 112. Among the miscellaneous powers of the City of Cleburne: "To abate all nuisances which may injure or affect the public health or comfort in any manner they may deem expedient."

Sec. 113. "To do all acts and make all regulations which may be necessary or expedient for the promotion of health, or the suppression of disease."

Sec. 129. "The City Council shall have the power to pass, publish, amend or repeal all ordinances, rules and police regulations not contrary to the Constitution of this State for the good government, peace and order of the city, and the trade and commerce thereof, that may be necessary or proper to carry into effect the powers vested by this title in the corporation, the city government, or in any department or officer thereof; to enforce the observance of all rules, ordinances, and police regulations, and punish violators thereof by fines, etc."

Sec. 261. "The City Council shall have power to prescribe the duties of all officers and persons appointed by them, to elect to any office or place whatever, etc." These provisions will be found in the Acts of the Legislature of 1910, granting a charter to the City of Cleburne.

We are of the opinion that the county judge did not err in remanding relator and that the ordinance in question was a valid exercise of the police power conferred on the City Council by the Legislature of this State. That it is not an unreasonable regulation, but a proper one for the preservation of the health of the city.

The judgment is affirmed.

*Affirmed.*