Ex Parte Rufus London.

No. 2849.   Decided November 26, 1913.

Rehearing denied March 4, 1914.

**1.—City Charter and Ordinance—Garbage Department—Legislative Power.**

The Legislature has the power to authorize the .city to enact under its charter an ordinance creating the office of superintendent of the garbage department and to give the mayor and city council authority to appoint and confirm said officer, authorizing said superintendent to the exclusion of any other person to remove garbage in said city, etc.

**2.—Same—Constitutional Law—Perpetuities—Monopolies.**

Where a city was authorized by its charter to appoint such officers, servants and agents of the corporation as may be provided for by ordinance, etc., and the city passed an ordinance· creating the office of superintendent of garbage department to the exclusion of any other person, the contention that said ordinance was void under article 1, section 26, Constitution of Texas, in that it ·created perpetuities and monopolies, is not sound, and such ordinance is valid.

**3.—Same—Police Regulations—City Ordinance.**

In dealing with matters necessary to the preservation of the public health, such as the cleaning of privies, etc., the city council had the right to prescribe regulations and make it the duty of some officer or agent to see that the regulations are complied with, and prevent others from engaging in that occupation as a mode or means of making a livelihood.   Following Ex parte Howell, 71 Texas Crim. Rep., 71, 158 S. W. Rep., 535.

**4.—Same—Reasonable Regulation.**

The question that the regulation of fees of officers is unreasonable has not been properly raised, and can not be considered.

Appeal from the District Court of Jefferson.   Tried below before the Hon. John M. Conley.

Appeal from a habeas corpus proceeding restraining relator under a ·complaint of a violation of the city ordinance.

The opinion states the case.

*McDowell & Ferguson,* for relator.—On question of limitation upon the power of the city council to create the office of superintendent of the garbage department:   Ex parte Savage, 141 S. W. Rep., 244; Perrett v. Wegner, 139 S. W. Rep., 984; London Guarantee, etc., Co. v. City of Beaumont, 139 S. W. Rep., 894; Ex parte Farley, 65 Texas Crim.

Rep., 405, 144 S. W. Rep., 530; Am. Construction Co. v. Davis, 141 S. W. Rep., 1019; City of Little Rock v. Fitzgerald, 59 Ark., 494.

On the question of Legislative intent to grant power to city council to appoint superintendent of garbage department: Mantel v. State, 117 S. W. Rep., 855; Iler v. Ross, 57 L. R. A., 895; City of Brenham v. Hollee et al., 153 S. W. Rep., 345; Flood v. State, 19 Texas Crim. Rep., 584; Ex parte Ginnochio, 30 Texas Crim. App., 584; City of Galveston v. Loonie, 54 Texas, 517; Ex parte Savage, 141 S. W. Rep., 244.

On question of perpetuity and monopoly: Smiley v. McDonald, 27 L. R. A., 540; Brenham v. Water Co., 67 Texas, 542; Conley v. Daughters of Republic, 151 S. W. Rep., 877; State v. Hill, 50 L. R. A., 473; In re Lowe, 54 Kan., 757; Ex parte Brewer, 152 S. W. Rep., 1068; Farmer v. Mayor, etc., 156 S. W. Rep., 189, and cases supra.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The city council of the City of Beaumont, Texas, passed an ordinance creating what is termed "the garbage department," and created the office of superintendent of the garbage department to be appointed by the mayor, subject to the approval of the city council. The salary of the superintendent was fixed at $5 per annum and such fees as he might be entitled to under the ordinance for removing garbage, the fees for doing the work authorized being fixed by the law. The garbage superintendent was required to execute a bond in the sum of $1,000, conditioned for faithful performance of his duties under such ordinance, and the laws of the City of Beaumont. His duties are set out in detail in the ordinance, section 9, requiring him "to remove and carry away for the inhabitants of the city all trash, slops and night soil as per schedule of fees hereinafter set forth." The ordinance also prohibits any other person engaging in the business of carting trash, slops and night soil for others, permitting the citizens to do certain things for themselves if they so elect, but not for others. The ordinance also provides a penalty for any person violating the provisions. The ordinance is rather lengthy, and we think this is a sufficient statement of it to pass an the questions here presented. Many of the sections of the Beaumont charter are copied in the record, but as this ordinance would be authorized by section 32, which provides: "The city council shall have power to take such measures as they deem effectual (not inconsistent with the general laws) to prevent the entrance of any pestilential, contagious or infectious disease into the city; . . . and to adopt any sanitary measure whereby the health of the city may be protected and improved," as well as other provisions of the charter, especially section 76, we do not deem it necessary to copy them herein. It is not questioned that the complaint in this case charges a violation of this ordinance, therefore, we will not discuss whether or not the facts in the record would justify or support a conviction, as this will be a question to be determined on the trial of the case if relator is remanded.

Vol. 73 Crim.-14.

Relator contends that the ordinance is void upon the following grounds: That said pretended ordinance and amendments thereto is null, contrary to and in violation of the Constitution of this State, in this, towit: (1) In attempting to create the office of superintendent of the garbage department, for which there is no authority in law, and in giving the mayor authority to appoint and the city council the authority to confirm a superintendent of the garbage department, which is not provided by law. (2) In attempting to absolutely prohibit any person or persons engaging in the business of hauling or removing trash, except the superintendent of the garbage department, appointed as aforesaid, or his employees, and is therefore contrary to article 1, section 26, of the Constitution of the State of Texas, which is "that perpetuities and monopolies are contrary to free government and shall never be allowed." (3) That the city has no power to enact such ordinance or amendments thereto. (4) That it in effect destroys the legitimate business of others, and prevents them from following the lawful pursuit of such business. (5) That said ordinance and its amendments is unreasonable and unjust:

It is thus seen that it is claimed that the authority to enact this character of ordinance could not be conferred by the Legislature on the city council. This question has been so often before this court, and so uniformly held adversely to relator's contention, we hardly deem it necessary to discuss the matter. Mr. Cooley, in his work on Constitutional Limitations, p. 261, 7th ed., says:

"In the examination of American constitutional law, we shall not fail to notice the care taken and the means adopted to bring the agencies by which power is to be exercised as near as possible to the subjects upon which the power is to operate.

"In contradiction to those governments where power is concentrated in one man, or one or more bodies of men, whose supervision and active control extends to all the objects of government within the territorial limits of the State, the American system is one of complete decentralization, the primary and vital idea of which is, that local affairs shall be managed by local authorities, and general affairs only by the central authority. It was under the control of this idea that a national constitution was formed, under which the State, while yielding to the national government complete and exclusive jurisdiction over external affairs, conferred upon it such powers, in regard to matters of internal regulation, as seemed to be essential to national union, strength, and harmony, and without which the purpose in organizing the national authority might have been defeated. It is this, also, that impels the several States, as if by common arrangement, to subdivide their territory into counties, towns, road and school districts, and to confer powers of local legislation upon the people of each subdivision, and also to incorporate cities, boroughs, and villages wherever the circumstances and needs of a dense population seem to require other regulations than those which are needful for the rural districts.

"The system is one which almost seems a part of the very nature of the race to which we belong. A similar subdivision of the realm for the purposes of municipal government has existed in England from the earliest ages; and in America, the first settlers, as if instinctively, adopted it in their frame of government, and no other has ever supplanted it, or even found advocates." This is not only the rule of law prevailing in this State, but so far as our information goes, in every State in the Union.

As to the first proposition that there is no authority in law for the creation of the office of superintendent of the garbage department, it is specifically answered by section 27 of the charter of the City of Beaumont, wherein it is provided, in addition to the officers named in the charter, that "there shall be such other officers, servants, and agents of the corporation as may be provided by ordinance, etc."

The second objection is that the ordinance is void in that it creates perpetuities and monopolies, as well as other matters, and this renders it violative of article 1, section 26, of the Constitution, which prohibits the creation of perpetuities and monopolies. If this were sound it would be violative of this provision to create the office of tax collector, who must collect all the taxes, or any other officer whose duties are made exclusive by law, and this law has so often been decided contrary to appellant's contention, it is useless to cite authorities. The city could create any officer under its charter it deemed necessary to the performance of the duties it was legitimately authorized to perform. Requiring an officer to perform some governmental function to the exclusion of all others, is not the creation of a monopoly or perpetuity, within the meaning of the Constitution.

The third was answered in the first. In dealing with matters necessary to the preservation of the public health, such as the cleaning of privies, etc., the city council has the right to prescribe regulations and make it the duty of some officer, or agent, to see that the regulations are complied with, and prevent others from engaging in that occupation as a mode or means of making a livelihood. In the case of Ex parte Howell, 71 Texas Crim. Rep., 71, 158 S. W. Rep., 535, the questions have been presented and ruled upon adversely to appellant, and a citation of authorities will be found in that case.

In the evidence offered no complaint is made as to the fees fixed by the law being unreasonable, and this question is not presented for review. Relator's counsel has filed no brief, and we are not, therefore, informed of any which he claims support his contention on the propositions made.

Affirmed.

*Affirmed.*

[Rehearing denied March 4, 1914.—Reporter.]