

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 17, 1970

Dr. J. E. Peavy, M. D.      Opinion No. M-693
Commissioner of Health
Texas State Department      Re:  Whether a corporation may
  of Health                      participate in the collection,
1100 West 49th Street            handling, storage and disposal
Austin, Texas    78756           of "municipal solid waste" as
                                 such term is used in Section
                                 3a of Article 4477-7, V.C.S.
Dear Doctor Peavy:               and other related questions.

You have requested our opinion as to proper statutory construction of certain statutes relating to the powers of corporations and particularly as to their powers to contract for services under the Solid Waste Disposal Act.  (Chap. 405, page 1320, Acts of the 61st Leg., Regular Session; Article 4477-7, Vernon's Civil Statutes).  Your questions are as follows:

"(1)  May a corporation legally participate in the collection, handling, storage, and disposal of "municipal solid waste" as that term is used in Section 3(a) of Article 4477-7, V.A.T.S.?

"(2)  If your answer to the above question is in the affirmative, under which of the following Acts should such a corporation be organized and operate:

(a)  The Texas Miscellaneous Corporation Laws Act;

(b)  The Texas Business Corporation Act;

(c)  The Texas Non-·Profit Corporation Act;

(d)  A corporation such as Bolivar Peninsula Water Supply Corporation chartered under Article 1434a?

-3342-

"(3) If your answer to question number (1) above is in the affirmative, may a county, incorporated city or other political subdivision, or combination thereof, legally contract with such corporation for the services described in the Solid Waste Disposal Act?"

In answer to question (1), Section 3 of Article 4477-7, speaks generally of state duties to plan, and there is no reason why a corporation as such could not perform solid waste disposal services if the corporation is not otherwise disqualified in law or by the provisions of its charter. H.&T.C.R. Co. v. Diamond Press Brick Co., 111 Tex. 18, 222 S.W. 204 (1920).

Your question (2) requires several answers. Under question 2(a), the Texas Miscellaneous Corporation Laws Act, (Art. 1302-1.01 through 1302-6.26, V.C.S., Acts of the 57th Leg., 1961, chap. 205, page 408, effective August 28, 1961) does not empower or authorize corporate purposes; it is demonstrative of a convenient way to codify miscellaneous statutes relating to certain corporations.

By question 2(c), you ask whether non-profit corporations chartered under the Non-Profit Corporation Act can perform solid waste disposal services. We know of no legal reason why such a non-profit corporation would be unable to engage in solid waste disposal work if its charter so provides and the law does not prohibit it from such work.

By question 2(d) you mention Bolivar Peninsula Water Supply Corporation, which was chartered on October 26, 1967, pursuant to Article 1434a, Vernon's Civil Statutes. The Bolivar Peninsula W.S.C. cannot amend so as to perform solid waste disposal because it can only act under authority of Art. 1434a; it cannot add solid waste disposal purposes by amendment. Attorney General Opinion No. 0-3433 (1941). The Texas Business Corporation Act has no application to such a corporation created by special law. Tri-County Electric Cooperative, Inc., v. Clair, 217 S.W.2d 681 (Tex.Civ.App. 1949, error ref. n.r.e.).

The last question we are considering is 2(b) which inquires as to whether a private corporation chartered under the Texas Business Corporation Act can perform solid waste disposal services. Such a purpose would be a lawful purpose and this corporation formed for profit could act just as an individual person might act. Sec. 2(1), of the Texas Business Corporation Act (Acts of the 54th Leg., 1955, chap. 64, page 239), states in substance that with certain named exceptions (not material here) "corporations for profit may be organized under this Act for any lawful purpose or purposes, which purposes shall be fully stated in the articles of incorporation". Such a profit corporation has the same liberty to contract as an individual. 2 Texas Law Review 366 (1924); 12 Texas Law Review 101 (1933). A private corporation is generally any corporation not classed as public, and is one created for private, as distinguished from a public purpose. Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973 (1941), 136 A.L.R. 177.

With respect to the third question, we must observe that the same rules of law which relate to public service franchises in general apply to contracts where a profit corporation or a non-profit corporation performs solid waste disposal services. For example, no monopoly or exclusive franchise can be created in violation of Art. I, Sec. 26, Texas Constitution; City of Brenham v. Brenham Water Co., 67 Tex. 542, 4 S.W. 143 (1887); Edwards County v. Jennings, 89 Texas 620, 35 S.W. 1053 (1896).

Generally, the courts of Texas have held that city collection and disposal of garbage is a "corporate governmental function" and that the City of Dallas could grant a contract for a reasonable period, (in this case 15 years) for the exclusive privilege of buying all wet garbage. Gardner v. City of Dallas, 81 Fed.2d 425, cert.den. 298 U.S. 668 (1936); and this right can be exclusive because it amounts to appointment of an officer deemed necessary to protect the public health. City of Breckenridge v. McMullen, 258 S.W. 1099 (Tex.Civ.App. 1923, no writ); In Re London, 73 Tex.Cr.Rep. 208, 163 S.W. 968 (1914); 40 Tex. Jur.2d 70, Municipal Corporations, Sec. 390; Wichita Falls v. Kemp Hotel Operating Co., 162 S.W.2d 150 (Tex.Civ.App., 1942, affirmed in Kemp Hotel Operating Co. v. City of Wichita Falls,

141 Tex. 90, 170 S.W.2d 217 (1943).  No injunction will lie to stop such contract; <u>Cheek</u> v. <u>Beckworth</u>, 292 S.W.2d 158, (Tex.Civ.App., 1956, error ref. n.r.e.).

In view of the foregoing, we answer the third question in the affirmative.

S U M M A R Y

A profit or non-profit Texas corporation may perform solid waste disposal services under Texas laws.  Corporations chartered under Article 1434a, V.C.S. cannot amend to include waste disposal purposes.  A county, incorporated city or other political subdivision, or combination thereof, may legally contract with such corporations for the services described in the Solid Waste Disposal Act.

Yours truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger B. Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bill Corbusier
Harold Kennedy
James Broadhurst
James M. Mabry

MEADE F. GRIFFIN
Staff Legal Assistant

ALRED WALKER
Executive Assistant

NOLA WHITE
First Assistant