WALTER WISNER v. HIRAM H. BARDWELL AND ENOS GOLDEN.

*Bills and notes—Void consideration.*

A note is void if part of its consideration is the discontinuance of a criminal prosecution.

Where a public officer is witness in a case in which his own conduct is involved, it is improper in charging the jury to call attention to his high character, as tending in itself to establish his credibility.

Error to Genesee. Submitted Jan. 16. Decided Jan. 29.

ASSUMPSIT. Defendant brings error.

*Wisner & Johnson* (on briefs) for plaintiff in error. A contract to pay a person for procuring the passage of an act for the relief of certain persons, is void, *Rose v. Truax*, 21 Barb., 361; so is a bond to secure payment for the discharge of a person unlawfully impressed, *Pole v. Harrobin*, 9 East, 416; *Arkwright v. Cantrell*, 7 Ad. & El., 565; *Harris v. Roof*, 10 Barb., 489.

*Long & Gold* (on brief) for defendants in error.

GRAVES, J. On the 14th of February, 1874, Wisner made his promissory note to H. R. Lovell or bearer for $25, payable six months after date, and after it became due Lovell transferred it.

When the note was given Mr. Lovell was prosecuting attorney for the county and a prosecution was pending against Wisner for an alleged rape against one Sarah Cole, whose husband was then confined in the State's prison. The prosecution against Wisner was discontinued in May, 1874.

In 1876 defendants in error sued Wisner upon the note before a justice. They obtained judgment and he appealed, and the case being tried before a jury in the

circuit court, they again recovered. There was evidence that the note was given to satisfy Mrs. Cole for personal injuries Wisner had done her, and there was also evidence tending to show that the note and twenty-five dollars in money were given by Wisner to Lovell upon agreement that the criminal prosecution should be discontinued and Lovell should endeavor to get Mrs. Cole's husband discharged from State's prison, and there was other evidence which tended to show that besides the note and twenty-five dollars given to Mr. Lovell, it was agreed between Wisner and Mrs. Cole that he would give her a certain house and lot as additional consideration for the discontinuance of the criminal prosecution.

The court charged the jury, among other matters, that if they should find from the evidence that the note was given to the prosecuting attorney to induce him to discontinue the case mentioned, it would then be incumbent upon them to return a verdict for Wisner. But he refused to instruct as requested that if they believed the note was given by Wisner as consideration in part for his discharge from the criminal prosecution, it would be their duty to find a verdict in his favor.

This refusal was error. The charge actually given was capable of being understood by the jury as excluding the right to a verdict on the part of Wisner unless they should find that the note was given as the exclusive consideration for the suppression of the criminal charge. This was certainly calculated to mislead. If the note was actually given as consideration in part only for the purpose mentioned, it was just as fatal to the validity of the note as if it had formed the entire consideration for the unlawful end, and as we have seen, there was evidence in the case which tended to show that such was the nature of the transaction.

Exception is taken to some remarks* of the judge

---

* The following are the remarks excepted to:
"The jury have a right to believe, if they find so from the evidence, that a respectable public officer, one whom you have elevated to a high position, one of the highest positions in the county, would

touching the respect and credence due the prosecuting attorney, who was, as before indicated, one of the main witnesses in the case. The court is inclined to think that however worthy of regard that gentleman may be, the remarks of the judge in this case as matter of instruction to the jury were not quite appropriate and had a tendency to create impressions which a charge ought to avoid.

The judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.

---

sell himself for fifty dollars and make himself liable to a criminal prosecution, and to be removed from office, and to be deprived from practicing in this court. You have a right to believe he would do it, but of course you would require some evidence before you believe that a respectable public officer would be guilty of that crime."