### JOHN L. SULLIVAN *vs.* PATRICK H. HORGAN.

A., dealing in groceries and liquors, hired B. at an agreed sum per month to act as clerk and bar-tender. B. worked for some seventeen months. During this time, and when the contract was made, the sale of liquor was forbidden by law.

*Held,* that the contract, being single, was fatally infected with illegality, and that B. could maintain an action against A. neither for his wages nor for the *quantum meruit* of his services as clerk.

DEFENDANT'S petition for a new trial.

*Providence, July* 12, 1890. MATTESON, J. This is an action of *assumpsit* to recover moneys claimed to be due to the plaintiff from the defendant under a contract of hiring. It appears, from the evidence reported, that the plaintiff was employed by the defendant, in his business of a dealer in groceries and liquors, as bartender and clerk, from November 27, 1886, until April 17, 1888, and was to receive as wages eighteen dollars per month until May 1, 1887, and twenty-five dollars per month thereafter. At the trial the defendant set up as a defence the illegality of the contract, the sale of liquors being prohibited by law when the contract of hiring

was made, and during the period of the plaintiff's employment. The jury returned a verdict for the plaintiff for $187.84. The defendant moves for a new trial, on the ground that the verdict is against the law and the evidence.

The principle that if a contract or promise be founded on a legal and an illegal consideration, and the illegal consideration cannot be separated from the legal and rejected, the illegality of part vitiates the whole, so that no action can be maintained upon it as a contract, is conceded; but it is suggested that, inasmuch as the contract is illegal and void, and is therefore, as is contended, a nullity, the plaintiff is entitled to recover for that portion of his services performed as clerk in the grocery part of the business, upon a *quantum meruit*, what such services were reasonably worth, and, therefore, that the verdict may be supported. We do not, however, agree with the suggestion. Although a contract thus infected with illegality is regarded in law as a nullity, in so far that the law will not lend its aid to enforce it, it is, nevertheless, not treated as if it had no existence in fact. The illegality extends to every part of the transaction, and it cannot, therefore, be made the foundation of an *assumpsit*. Both parties are *in pari delicto*, and the law will, for that reason, not aid either party to enforce the contract, but leaves them where it finds them. It may sometimes happen, in consequence, that a defendant may gain a pecuniary benefit by reason of his wrong-doing, or of that in which he has equally participated; but it is not for the sake of the defendant that his objection to his own illegal contract is sustained. In *Holman* v. *Johnson*, Cowper, 341, 343, Lord Mansfield remarks: " The objection that a contract is immoral or illegal, as between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed; but it is founded in general principles of policy, which the defendant has the advantage of, contrary to the real justice, as between him and the plaintiff, by accident, if I may so say. The principle of public policy is .this : *ex dolo malo non oritur actio*. No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If, from the plaintiff's own stating or otherwise, the cause of action appears to arise *ex turpi causâ*, or the transgression of a positive law of this

country, there the court says he has no right to be assisted. It is upon that ground the court goes; not for the sake of the defendant, but because they will not lend their aid to such a plaintiff. So if the plaintiff and defendant were to change sides, and the defendant were to bring his action against the plaintiff, the latter would have the advantage of it; for where both are *equally* in fault, *potior est conditio defendentis*."

*Bixby* v. *Moore*, 51 N. H. 402, is a case strongly in point. In that case it appears that the defendants kept a billiard saloon, and a bar for the sale of liquor. The liquor traffic was illegal. The plaintiff was employed by the defendant to work generally in and about the saloon. There was no special agreement that he should or should not sell liquor, or as to what particular duty he should do. But he was accustomed to work generally in and about the saloon, taking care of the room, building fires, taking care of the billiard tables, tending bar, and waiting upon customers, and in the absence of the defendant he had the whole charge of the business. In *assumpsit*, upon a *quantum meruit*, it was held that he could not recover compensation for any portion of his services. The court say: "In the present case there is room for but one conclusion, namely, that the agreement was, that the plaintiff at the defendant's request should perform all the services which he did in fact perform, and that the defendant, in consideration of the promise to perform and of the performance of all those services, the illegal as well as the legal, should pay the plaintiff the reasonable worth of the entire services. In other words, the plaintiff made an entire promise to perform both classes of services. This entire promise and the performance thereof formed an entire consideration for the defendant's promise to pay, and a part of this indivisible consideration was illegal."

In the present case, the sums which the defendant promised to pay formed one entire consideration for all the services to be rendered by the plaintiff, both those in tending the bar, which were illegal, and those as clerk in the grocery store, which were legal. Had one price been agreed upon for the services as bar-keeper and another as clerk in the grocery business, so that it would have been possible to separate the legal from the illegal part of the transaction, an action could have been maintained for the services which

were legal; but as it is, the defendant's promise being entire, and the consideration for it being partly legal and partly illegal and indivisible, both parties are to be regarded as equally in fault, and the law will lend its aid to neither.         *Petition granted.*

*Patrick J. Galvin,* for plaintiff.

*William P. Sheffield, Francis B. Peckham,* and *William P. Sheffield, Jun.,* for defendant.