# JUNE, 1896.

EDWARDS COUNTY v. IKE H. JENNINGS ET AL.

No. 419.—Decided June 1, 1896.

**Contract—Monopoly—Consideration Unlawful in Part.**

J. contracted with a county to erect works for supplying water for county purposes in consideration of an agreement by the county to pay a sum of money and to grant to J. an exclusive right of way to lay piping for supplying the town of R. with water. J. executed his bond with sureties to perform his contract, and the county, having paid the money promised, upon his failure to comply, sued upon the bond to recover back the money paid and damages. Held:

1. Such contract tends to create a monopoly and is violative of the Constitution, illegal and void, Const., art. 1, sec. 26; Brenham v. Water Co., 67 Texas, 561. (P. 620.)

2. It cannot be ascertained how much of J.'s promise was based on the unlawful agreement, and where a promise is on several considerations one of which is unlawful, whether by common law or statute, the promise is void. (P. 620.)

3. The contract being void the bond executed to secure it was void also. There could be no recovery against J.'s sureties (The liability of J. was not before the court.) (P. 621.)

4. The case of Brenham v. Water Co., supra, questioned as to effect of acceptance of part performance of an unlawful contract. (P. 621.)

ERROR to the Court of Civil Appeals for Fourth District, in a case upon writ of error from that court to Edwards County.

The opinion states the facts.

*Clark, Summerlin & Fuller,* for plaintiff in error, Edwards County.— If the contract was ultra vires, still the principal and sureties would be liable on the bond, having received and enjoyed the fruits of the contract. Sayles' Civ. Stats., arts. 1541, 1520a, 1521, 1522, 682; Indianola v. Railway, 56 Texas, 594; Panhandle Bank v. Emery, 78 Texas, 499.

*O. Ellis,* for defendants in error.—The officers of a municipal corporation cannot bind it by any act which transcends their lawful powers; and a municipal corporation (different from a private corporation) may set up a plea of ultra vires, or its own want of power under the law to enter into a given contract in excess of its corporate power and authority, although it has received the consideration for same. This rule operates conversely. A party making a contract with a municipal corporation which is ultra vires, is not estopped, when the corporation brings an action founded thereon, to set up its want of authority to make it. 15th Am. & Eng. Encycl. Law, 1100, 1101, 1102; Greenhood, Public Policy, 545; Commissioners v. Andrews, 18 Ohio St., 50; Board of Education v. Thompson, 33 Ohio St., 321.

The defense that a contract is void as against public policy may be raised against the State or county. State v. Day Land Co., 71 Texas, 252; Craig v. State of Mo., 4 Peters, 410; Commissioners v. Andrews, 18 Ohio St., 50  State v. Buttles, 3 Ohio St., 309.

When the officers of a municipal corporation make a contract which is beyond the powers of the corporation, it is an absolute nullity, and the corporation is not estopped when sued on the contract from setting up its want of power to make such a contract, although it has received the benefits of it. Bank v. Terrell, 78 Texas, 450; Gould v. Paris, 68 Texas, 514; Commissioners v. Rollin, 130 U. S., 662; City of Letchfield v. Ballou, 114 U. S., 190; Sutro v. Petit, 74 Cal., 332; Newport v. Railway, 24 S. W. Rep., 428; Newberry v. Fox, 37 Minn., 141; Bank v. School Township, 26 Am. St. Rep., 605; Weismer v. Village of Douglas, 64 N. Y., 91.

This rule also operates conversely. "When a party making a contract with a municipal corporation which is ultra vires, he is not estopped when the corporation brings an action founded thereon to set up its want of authority to make it." 15 Am. & Eng. Encycl. Law, 1100, 1102; Fluty v. School District, 49 Ark., 94; Commissioners v. Andrews, 18 Ohio St., 50; State v. Land Co., 71 Texas, 252.

DENMAN, ASSOCIATE JUSTICE.—On the 10th day of August, 1891, Edwards County, through its Commissioners Court, entered into a written contract with Ike H. Jennings, whereby Jennings obligated himself "to put in the town of Rocksprings, county seat of Edwards County, two eleven-thousand-gallon tanks, public watering troughs and sufficient power to furnish a constant supply of water for all necessary county purposes for the period of ten years from the date of this contract; to put in the necessary piping to furnish two hydrants for the courthouse and one hydrant for the jail, and to place the public watering troughs on public property whenever it can be done with safety to and without jeopardizing the vested rights of said Jennings; and as a consideration therefor, the county of Edwards obligated itself, (1) to pay to said Jennings $3500, one-half upon the arrival of the "equipment" in the town of Rocksprings, and the balance when said equipment was in position and ready for service; (2) to grant to said Jennings "an exclusive right of way to lay piping for supplying the town of Rocksprings, Edwards County, Texas, with water."

Said Jennings, as principal, and Arnold, Nix and Beck, as sureties, executed and delivered to the county judge of said county an his successors in office a bond in the sum of $7000, for the benefit of said county, conditioned that said Jennings would faithfully perform the obligations imposed upon him by said contract.

On the 14th day of March, 1894, the county of Edwards, in the District Court of said county, sued Jennings and his said sureties, alleging the execution of said contract and bond; that it had in accordance with the provisions of the contract paid to Jennings said $3500; that Jen-

nings never had sufficient machinery and power to comply with his contract, never put up any public watering troughs, failed and refused to put the hydrants at the court-house and to furnish a permanent and sufficient supply of water to the county or the transient public as stipu-- lated in said contract; that in October, 1893, Jennings sold out his entire water works, and since then has had nothing in or near Rocksprings wherewith to even attempt a compliance with the contract, and has entirely abandoned same; that plaintiff has been compelled to obtain necessary supply of water from other sources, to its damage $10,000; wherefore it prayed judgment against all the defendants for $7000, the amount of bond, for costs and general relief.

The trial court sustained general and special exceptions presented by defendants to ·the petition, raising the question of the legality of the contract, and plaintiff having declined to amend, said court rendered judgment that it take nothing by its suit against said defendant.   On writ ·of error prosecuted from said judgment to the Court of Civil Appeals, said court affirmed the judgment of the trial court as to the sureties, but reversed same and remanded the cause to the District Court for trial upon said petition as between Edwards County and the principal, Jennings.   Edwards County has brought the cause to this court by writ of error, complaining of the action of the Court of Civil Appeals in affirming the judgment of the trial court ordering that it take nothing against the sureties, but neither the county nor Jennings make any complaint here of the judgment of the Court of Civil Appeals remanding the cause for trial as aforesaid as between the county and Jennings.   We will therefore only examine the question presented as to whether the Court of Civil Appeals erred in holding that the trial court correctly held that plaintiff's petition stated no cause of action against the sureties.

Under the authority of Brenham v. Water Company, 67 Texas, 561, and Constitution, article 1, section 26, which provides that "perpetuities and monopolies are contrary to the genius of a free government and shall never be allowed," we are of opinion that the agreement of the county to grant to Jennings "an exclusive right of way to lay piping for supplying the town of Rocksprings, Edwards County, Texas, with water" tends to create a monopoly, is violative of the Constitution, illegal and void.   As stated above, the consideration for the obligations imposed upon Jennings by said contract consisted of the obligation of the county (1) to pay $3500, and (2) to perform this unlawful agreement.   We cannot say which of these considerations most affected the mind of Jennings and induced his promise, nor are there any means of ascertaining how much of his obligation was based upon the illegal consideration.

The rule is well settled upon principle and authority, that a promise made upon several considerations, one of which is unlawful, no matter whether the illegality be at common law or by statute, is void.   Clark on Contracts, 473; Featherston v. Hutchinson, Cro. Eliz., 199; Trist v. Child, 21 Wall., 441; Ohio v. Board, 35 Ohio St., 519; Bixby v. Moor,

51 N. H., 402; Wisner v. Bardwell, 38 Mich., 278; Snyder v. Willey, 33 Mich., 483; Saratoga Bank v. King, 44 N. Y., 87; Filson v. Himes, 5 Pa. St. 452; Bredin's Appeal, 92 Pa. St., 241; Sumner v. Summers, 54 Mo., 340; Perkins v. Cummings, 2 Gray (Mass.), 258; Bishop v. Palmer, 146 Mass., 469 (16 N. E. Rep., 299); Clark v. Ricker, 14 N. H., 44; Raguet v. Roll, 7 Ohio, 77; Widoe v. Webb, 20 Ohio St., 431; McQuade v. Rosencranz, 36 Ohio St., 442; Tobey v. Robinson, 99 Ill., 222; Henderson v. Palmer, 71 Ill., 579; Miles v. Andrews, 40 Ill., App., 155; James v. Jellison, 94 Ind., 292; Ricketts v. Harvey, 106 Ind., 564, 6 N. E. Rep., 325; Haynes v. Rudd, 102 N. Y., 372, 7 N. E. Rep., 287; Pettit v. Pettit, 32 Ala., 288; Woodruff v. Hinman, 11 Vt., 592; Chandler v. Johnson, 39 Ga., 85; Gurlach v. Skinner, 34 Kan., 86, 8 Pac. Rep., 257; Flersheim v. Cary, 39 Kan., 178, 17 Pac. Rep., 825; Sullivan v. Horgan, 17 R. I., 109, 20 Atl. Rep., 232; Massey v. Wallace, 32 S. C., 149, 10 S. E. Rep., 937.

We are therefore of opinion that the contract between the county and Jennings was void; that the bond executed to secure its performance imposed no obligation upon the sureties, and that the trial court and Court of Civil Appeals did not err in holding that the petition stated no cause of action against the sureties.

It will be observed that we place our decision upon the ground that the agreement of the county to grant Jennings "an exclusive right of way, etc., is unlawful and not merely ultra vires. Widoe v. Webb, 20 Ohio St., 435. In the case of Brenham v. Water Company, above cited, the "action was brought to recover the price stipulated for the use of hydrants for the time intervening between June 1, 1885, and January 1, 1886," and this court in remanding the case held that the water company could recover for water furnished between June 1 and July 10, 1885, that being the time both parties had treated the contract as binding, but that it could not recover for water furnished after July 10, 1885, that being the date the city repudiated the contract.

If the contract was merely ultra vires, which we understand to be the first proposition decided in that learned opinion, then it may be that the company should on a new trial have recovered either on the contract or on a quantum meruit for water furnished before July 10, upon which question we express no opinion, as it is not before us; but if the contract was unlawful as creating a monopoly, which we understand to be the second proposition decided therein, then under the well-established principles of law governing us in the decision of the case before us, no recovery should have been allowed the water company for water furnished before July 10, 1885. As to water furnished after July 10, 1885, it is clear no recovery could have been had in that suit which was on the contract for the contract price, whereas the contract was repudiated by the city at that date, but it would seem that on proper pleading a recovery should have been allowed therefor on a quantum meruit.

For the reasons above given the judgment of the Court of Civil Appeals will be affirmed, without expressing any opinion as to the correct-

ness of the court's ruling upon the county's right to recover against Jennings the money paid him, as that question is not raised by the application for writ of error.

*Affirmed.*