CITIZENS' STATE BANK OF NEWTON, IOWA, Respondent, v. ROWE et al., Appellants.

(153 N. W. 939.)

(File No. 3681.   Opinion filed August 28, 1915.   Rehearing denied.)

1. Negotiable Instruments—Note Given for Patent—Defense—Indorsee's Obligation to Know Infirmities of—Statute—Directing Verdict.

Where notes were executed by organizers of a corporation, to such corporation, to purchase a patent right, the notes being indorsed by it, as part of the same transaction, and delivered to the corporate vendor of the patent, which then assigned the patent to such purchaser and indorser, held, in determining whether the indorsee was an innocent purchaser of the note, that it was as much the duty of the indorsee thereof and vendor of the patent as of the corporate payee and indorser of the note, to comply with Laws 1905, Ch. 140, providing that every person taking a note for a patent shall write or stamp in red ink across the face thereof the words "Given for a patent right or right claimed to be a patent right," and that any person taking such obligation not so marked shall be guilty of a misdemeanor and liable to a fine; and such indorsee was in no better position than the original payee.

2. Banks and Banking—Sale of Patent for Notes—Notice of Infirmity—Officer of Indorser Corporation and Indorsee Bank—Knowledge of Bank.

Where notes, executed by organizers of a corporation to purchase a patent right, and made payable to and indorsed to the corporation which, in the same transaction, indorsed them to a bank which was vendor of the patent, and the president of said payee corporation was also president of the bank, held, that the knowledge of said officer that the notes were executed without compliance with Laws 1905, Ch. 140, requiring such notes to have written or stamped on their face the words "Given for a patent right or right claimed to be a patent right," was the knowledge of the bank.

3. Negotiable Instruments—Validity—Note for Patent Right—Statute.

A note given for a patent right, and not stamped pursuant to

Laws 1905, Ch. 140, providing that every person taking a note for a patent right shall write or stamp in red ink across its face the words "Given for a patent right or right claimed to be a patent right," and making any person taking such obligation not so marked guilty of a misdemeanor and liable to a fine, was void in the hands of the original payee, and of the indorsee thereof with knowledge of its infirmities, although said statute does not declare such note void; since an act prohibited by statute cannot be the basis of legal recovery; and trial court should have directed verdict for defendant, maker thereof.

Whiting, J., dissenting.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Citizens' Bank of Newton, Iowa, against H. S. Rowe and another, to recover upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Hanten & Hanten, and Perrett F. Gault,* for Appellants.

*Joe Kirby,* for Respondent.

(2) Under point two of the opinion, Appellants cited: Black Hills Nat. Bank v. Kellogg, 4 S. D. 312; First Nat. Bank v. Harvey, 29 S. D. 303.

(3) Under point three of the opinion, Appellants cited: Laws 1905, Ch. 140; New v. Walker, 9 N. E. 386; Sandage v. Studabaker Bros., 41 N. E. 380; Pinney v. Bank, 75 Pac. 119, 78 Pac. 151; Nyhart v. Kuback, 90 Pac. 796; Bolte v. Sparks, 116 Pac. 224; Seip Brew. Co. v. Green, 23 S. D. 619; Johnson v. Berry, 20 S. D. 133.

POLLEY, J. This action is brought to recover on a promissory note. The note was originally payable to the South Dakota Mausoleum Company, but from the indorsements thereon, appears to have passed through the hands of various parties until it reached plaintiff, who is alleged to have been the owner and holder thereof at the time the action was commenced.

It is alleged in the answer, and it appears from the testimony, that, at the time of the execution of the said note, the International Mausoleum Company was the owner of a certain United States patent. The South Dakota Mausoleum Company was organized for the purpose of purchasing the exclusive right, with the exception of a certain specified locality, to use said

patent in this state.   The consideration to be paid for said right
was $43,000, but, with the exception of $3,000, said company was
without funds.   Appellant was one of ten persons who organized
the South Dakota Mausoleum Company, and, for the purpose of
enabling said company to pay for said patent, each of said persons
executed three individual notes for equal amounts, payable to the
South Dakota Mausoleum Company, and all aggregating $40,000.
These notes were indorsed by two of the members of said com-
pany as the president and secretary thereof, in the name of the
South Dakota Mausoleum Company, and delivered to William I.
Hood, president, and G. A. Smith, secretary, of the International
Mausoleum Company, who, in consideration therefor, assigned
said patent right to the South Dakota Mausoleum Company.   The
answer alleges that the plaintiff is a banking corporation organized
in the state of Iowa, and that it had not filed its articles of in-
corporation in this state; that said note did not have stamped or
written across its face the words "Given for a patent right or
right claimed to be a patent right," as required by the provisions
of chapter 140, Laws of 1905; and that, because of the absence
of such stamp, said note was void in its inception.   It further
alleged that the patent involved had been declared void by a
federal court, and that, for that reason, the consideration had
failed.   It is also alleged that the International Mausoleum Com-
pany, the grantor of the patent right, is a foreign corporation, and
that, at the time of said assignment, it had not complied with
the foreign corporation act of this state; that all of said facts,
and defects in the said note, were known to plaintiff at the time it
took the same, and, for that reason, plaintiff was not an innocent
purchaser thereof and is not entitled to recover.

At the close of all the testimony, defendant moved the court
to direct a verdict for defendant upon all the issues, except as to
whether plaintiff was an innocent purchaser or not, while plain-
tiff moved for a verdict upon all the issues.   The court denied
defendant's motion and directed a verdict for plaintiff.   Defend-
ant assigned error and appeals.

Numerous assignments are argued by appellant, but, as we
view the case, it is necessary to determine but two questions:
First, was plaintiff an innocent purchaser?   And, second, does
the failure to write or stamp upon the face of the note the

words, "Given for a patent right or right claimed to be a patent right," render it void in the hands of the original payee and of all who take it with knowledge of the purpose for which it was given?

[1] In reply to the first question, respondent contends that the note was not given in payment for a patent right nor any interest therein, but that it was given to the South Dakota Mausoleum Company for the purpose of paying for appellant's interest therein, and does not come within the provisions of chapter 140, Laws of 1905, but that, in any event, plaintiff was a purchaser in good faith for value before maturity in the ordinary course of business, and therefore not subject to defects not apparent upon its face. The facts do not support this contention. The undisputed evidence shows that the execution of the note, the indorsement thereof by the South Dakota Mausoleum Company, the delivery thereof to the International Mausoleum Company, and the delivery of the assignment of the patent to the South Dakota Mausoleum Company all took place at the same time. In fact, all of these acts constituted but a single transaction. The International Mausoleum Company cannot deny that it took the note (with others) in payment for the patent right. In fact, it received no other consideration therefor except a cash payment of $3,000. The law makes it the duty of "every person," who takes an obligation like the one involved, to write or stamp in red ink across the face thereof the purpose for which the same is given, and makes "any person" who takes such an obligation that is not so marked guilty of a misdemeanor and liable to a fine. The president and secretary of the International Mausoleum Company were present when the note was executed by appellant and indorsed by the South Dakota Mausoleum Company. Therefore it was as much the duty of the International Mausoleum Company to see that the statute was complied with as it was the duty of the South Dakota Mausoleum Company, and the International Company was just as guilty under the statute as was the South Dakota Mausoleum Company; therefore the International Mausoleum Company was in no better position than the original payee.

[2] The note was indorsed by the International Mausoleum Company, by F. L. Maytag as president of that company, and it appears that said F. L. Maytag was also president of the plaintiff

at the time plaintiff purchased the note. Now Maytag, being president of the International Mausoleum Company, had knowledge of the fact that the note had been executed contrary to the provisions of the statute, and, as a corporation is charged with the knowledge possessed by its officers, the plaintiff is charged with the knowledge of its president at the time it purchased the note, and plaintiff is in no better position than the original payee. First Nat. Bank v. Harvey, 29 S. D. 284, 137 N. W. 365.

[3] This brings us to the second question. We think this question must be answered in the affirmative. It is true the statute does not declare such notes void, even in the hands of the original payee, but it subjects any person who shall take such a note to a criminal prosecution and provides a penalty therefor. "A penalty implies a prohibition," and an act that is prohibited by statute cannot be the basis of legal recovery. Statutes similar to the one under consideration are common in the various states, and, with the exception of the state of Illinois (Hollida et al. v. Hunt, 70 Ill. 109, 22 Am. Rep. 63), we believe such statutes have been held to be within the power of such legislative enactment. Kniss v. Holbrook et al. (Ind. App.) 40 N. E. 1118; New v. Walker, 108 Ind. 365, 9 N. E. 386, 58 Am. Rep. 40; Tescher v. Merea, 118 Ind. 586, 21 N. E. 316; Herdic v. Roessler, 109 N. Y. 127, 16 N. E. 1978; Sandage v. Studabaker Bros., 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165; Tredick v. Walters, 81 Kan. 828, 106 Pac. 1067; Pinney v. Bank, 68 Kan. 223, 75 Pac. 119, 1 Ann. Cas. 331; Id., 70 Kan. 879, 778 Pac. 151; Nyhart v. Kubach, 76 Kan. 154, 90 Pac. 796; Bolte v. Sparks, 85 Kan. 13, 116 Pac. 224; Ensign & Co. v. Coffelt, 102 Ark. 568, 145 S. W. 231; Allen v. Riley, 203 U. S. 347, 27 Sup. Ct. 95, 51 L. Ed. 216, 8 Ann. Cas. 137; Woods v. Carl, 203 U. S. 358, 27 Sup. Ct. 99, 51 L. Ed. 219; Ozan Lumb. Co. v. Bank, 207 U. S. 251, 28 Sup. Ct. 89, 52 L. Ed. 195; Winchester Electric Light Co. v. Veal, 145 Ind. 506, 41 N. E. 334, 44 N. E. 353.

In New v. Walker, supra, it is said:

"It is inconceivable that the vendor of personal property—whether it be intangible property, like a patent right, or not—can acquire any rights from acts performed in direct violation of law, since enforceable legal rights only spring from transac-

tions which violate no principle of law or equity. A legal right cannot arise out of a wrong, so as to benefit the wrongdoer. In our opinion, a promissory note executed in direct violation of a mandatory statute is inoperative as between the parties and those who buy with notice. Where a statute, in imperative terms, forbids the performance of an act, no rights can be acquired by persons who violate the statute, nor by those who know that the act on which they ground their claim was done in violation of law. A promissory note executed in a transaction forbidden by statute is, at least, illegal as between the parties and those who have knowledge that the law was violated."

And in Sandage et al. v. Studabaker Bros., supra, we find the doctrine stated as follows:

"That there can be no recovery on a contract made in violation of a statute, as between the parties thereto, the violation of which is prohibited by a penalty, is a principle well recognized by the courts. This is true, although the statute does not, in terms, pronounce the contract void nor expressly prohibit the same"— citing Woods v. Armstrong, 54 Ala. 150, 25 Am. Rep. 671.

And the proposition is thoroughly supported by the cases cited in the note appended to this case in 25 Am. Rep. 674, and nothing would be added by a further discussion of the subject. The doctrine announced in these cases has been sanctioned in this state, and in Johnson et al. v. Berry et al., 20 S. D. 133, 104 N. W. 1114, 1 L. R. A. (N. S.) 1159, it is said that full knowledge on the part of the one who is resisting payment, "together with the acceptance of the benefits of the contract, would not be sufficient to justify its enforcement, even though the statute does not declare the same void, but merely inflicts a penalty for the violation of its terms." See, also, Sullivan v. Hergan, 17 R. I. 109, 20 Atl. 232, 9 L. R. A. 110; Cole v. Brown-Hurley Hdw. Co., 139 Iowa, 487, 117 N. W. 746, 18 L. R. A. (N. S.) 846, 16 Ann. Cas. 846; Haddock v. City of Salt Lake, 23 Utah, 527, 65 Pac. 491; Edwards Co. v. Jennings et al., 89 Tex. 618, 35 S. W. 1053; Elliott on Contracts, § 666; Page on Contracts, § 332.

Tested by the foregoing rule, the note involved in this case was void, not only in the hands of the original payee, but in the hands of the plaintiff, who, as we have already seen, had knowl-

edge of the infirmities thereof, and the court should have directed a verdict for the defendant.

The judgment appealed from is reversed

WHITING, J., dissents.