CITIZEN'S STATE BANK OF NEWTON, IOWA, Respond-
ent, v. ROWE et al., Appellants.

(154 N. W. 816.)

(File No. 3681. Opinion filed November 19, 1915.)

1. **Banks and Banking—Bank Endorsee, Notice of Voidness of Note
   —Officer of Endorsee and Endorser Corporation, Effect as
   Notice.**

   Where a bank purchased a note void in its inception, held,
   that the fact that the president of the bank at the time of
   the purchase was also president of the corporation from which
   the note was purchased, and endorsed it as president of the
   latter corporation, did not charge the bank, nor its president,
   with constructive notice of the irregularity of the note; it
   appearing that such officer was not the president of the corpor-
   ation endorsor at the time of the execution of the note. For-
   mer opinion modified.

2. **Negotiable Instruments—Endorsee of Void Note—Burden of
   Proof of Bona Fide Purchase—Question for Jury.**

   Where a note was void in its inception, held, that the burden
   of proof is upon the purchasing bank to show that it was a
   bona fide purchaser of the note for value before maturity; and
   this question was one for the jury.

Appeal from Circuit Court, Minneaha County. Hon. JOSEPH
W. JONES, Judge.

On petition for rehearing. Petition denied.

For former opinion, see 36 S. D. 151, 153 N. W. 939.

*Hanten & Hanten,* and *Perrett F. Gault,* for Appellants.

*Joe Kirby,* for Respondent.

POLLEY, J. [1, 2] In the preparation of the opinion in this
case (153 N. W. 939) the writer inadvertently assumed that F.
L. Maytag, who was president of the plaintiff bank at the time

it purchased the note involved, was president of the International Mausoleum Company at the time of the execution of the said note, and that, for that reason, he had knowledge of the infirmity of the note at its inception.  In a petition for a rehearing respondent calls our attention to the fact that in this assumption we were mistaken, as the said F. L. Maytag did not become president of the said company until some time after the execution of said note, though prior to the transfer thereof to plaintiff.  This being the case, neither the said Maytag nor the plaintiff can be charged with constructive notice of the illegality of the note.  But, as the note was void in its inception, the burden of proof is cast upon plaintiff to show that it was a *bona fide* purchaser of the note for value and before maturity; and this question should have been submitted to the jury as requested by appellant.  Landauer v. Sioux Falls Implement Co., 10 S. D. 205, 72 N. W. 467; Tredick v. Walters, 81 Kans. 828, 106 Pac. 1067; Kniss v. Holbrook (Ind. App.) 40 N. E. 1118; Horstman et al. v. Zimmerman et al. (Pa.) 4 Atl. 171; Kirby v. Berguin, 15 S. D. 444, 90 N. W. 856.

For the refusal to submit this question to the jury, a new trial must be awarded.  To this extent the opinion of the court is modified, and the rehearing denied.

WHITING, J., not sitting.