## GEORGE McCABE, Respondent, v. C. WILLIAMS and H. L. Stegner, Appellants.

### (177 N. W. 378.)

**Bills and notes — sale of patent rights not void because of nonstamping on face of notes given.**

In an action for the payment of two promissory notes, given in consideration of the right to control the manufacture and sale in North and South Dakota of a patented seed disinfector, and made payable to the plain-

---

NOTE.—That many of the states have statutes requiring notes that are executed for the purchase of a patent right, to have the clause "given for a patent right" written or printed in legible letters on the face of the note, will be seen by an examination of the cases in a note in 20 L.R.A. 605, on validity of notes given for patent rights.

On power of state to restrict and regulate the sale or enjoyment of patent rights, see note in 29 L.R.A. 786.

On validity of statute requiring the words "given for a patent right" to be inserted in any obligation, the consideration whereof is a patent right, see note in 91 Am. St. Rep. 83.

tiff or his order at the Stockman's Bank, Gillette, Wyoming, where it appears that the notes do not bear on their face the words "given for a patent right," or similar words, it is *held:*

1. The validity of a sale of an interest in a patent right is not affected by the taking of notes for the purchase price, not stamped as required by § 10,251, Compiled Laws of 1913.

**Bills and notes — statute does not declare unstamped note given for patent right void.**

2. Section 10,251, Compiled Laws of 1913, does not declare an unstamped written obligation for the payment of money in a patent-right transaction to be void. The penalties of the statute are not to be extended by judicial construction.

**Bills and notes — fact that notes are unstamped no defense to payment of notes.**

3. Where notes given in consideration of the purchase price of an interest in a patent right are not stamped by the payee in the manner required by § 10,251, Compiled Laws of 1913; and where, in an action by the payee, the maker offered no evidence of any defense to the instrument other than the fact that it was not properly stamped, though other defenses were pleaded, the payee is entitled to judgment for the amount due.

Opinion filed April 21, 1920.

Appeal from the District Court of Burleigh County, *Nuessle, J.* Affirmed.

*E. T. Burke,* for appellants.

There can be no recovery on a contract made in violation of a statute as between the parties thereto, or those having notice. 153 N. W. 939; Franklin v. Bank, 143 Ga. 51, 84 S. E. 131; Roth v. Bank, 70 Ark. 200, 91 Am. St. Rep. 80, 66 S. W. 918; New v. Walker, 108 Ind. 365, 58 Am. St. Rep. 47; Nyhart v. Kubach, 76 Kan. 159, 90 Pac. 796; Bank v. Rowland, 15 Ga. 600, 84 S. E. 89; 8 C. J. 771, 772; 29 L.R.A. (note).

*J. A. Hyland* and *C. L. McCoy,* for respondent.

"Where the contract is to be performed in a place, other than that in which it is made, the parties, according to the general trend of American authorities, are presumed to adopt the place of performance as the law of the contract." 12 C. J. p. 450; 3 R. C. L. p. 956.

"In the case of a note made in one state and payable in another the

maker will be held liable according to the law of the place where it is payable." 3 R. C. L. p. 1137.

As to the constitutionality of § 10,251. Const. art. 1, § 8; U. S. Rev. Stat. § 4898; J. H. Clark Co. v. Rice, 106 N. W. 230.

"The monopoly which a patent grants is a property right created under the Constitution and laws of the United States, and by these laws made assignable." Holliday v. Hunt, 70 Ill. 111; Castle v. Hutchinson, 25 Fed. 394; Cranson v. Smith, 37 Mich. 311; Wilch v. Phelps, 14 Neb. 137.

On Petition for Rehearing.

BIRDZELL, J. A petition for rehearing has been filed, and, in view of the petition, it has been deemed advisable, for reasons which will be stated, to substitute the following as a more ample statement of the reasons leading to the affirmance of the judgment, as it will more adequately present the views of a majority of the court.

This is an action on two promissory notes,—one for $400 and the other for $1,000. They are dated thus: "State of North Dakota, Dec. 7th, 1917," due on the first days of February and April, 1918, respectively, and made payable to the plaintiff at Stockman's Bank, Gillette, Wyoming. The consideration for the said notes was the right to control the manufacture and sale in North and South Dakota (with certain counties excepted) of a patent seed disinfector. The notes do not bear on their face the words "given for a patent right" or similar words. A jury was waived and the case was tried before the judge of the sixth judicial district, who entered judgment for the plaintiff. This appeal is from the judgment.

The appellants argue that the transaction involved a violation of § 10,251, Compiled Laws of 1913, which makes it a misdemeanor for any person to take an obligation in writing for any patent right, etc., without having written, printed, or stamped thereon in red ink the expression "given for a patent right," or other appropriate words. It is stated that the trial judge based his conclusion of liability upon the proposition that the penal statute referred to is unconstitutional, and the appellants assume that the judgment for the plaintiff is not to be supported unless the statute is unconstitutional. We do not find in the record, however, any warrant for the proposition that the judgment is dependent upon

the unconstitutionality of the statute. Nor does the record disclose that the question is at all decisive in this case.

The only evidence submitted at the trial was the deposition of the payee, the plaintiff, who stated that his residence was at Gillette, Wyoming in Campbell county. It will be observed that the notes were made payable at a bank in Gillette.

The original opinion in this case was prepared by the writer, and concurred in by Mr. Chief Justice Christianson, Mr. Justice Robinson concurring specially. It was there stated in substance that, in the absence of evidence of contrary intention, the validity of the notes in suit were properly determined by the law of the state of Wyoming. 8 C. J. 92–95; 3 R. C. L. 1137. In the petition for rehearing, petitioners' counsel contends, however, that the presumptions affecting the validity of the notes are other than those stated in the principal opinion. In support of the contention made, authorities are cited to the effect that notes given in one state for the price of goods sold in another are governed, as to the validity of the sale, by the law of the state where the goods are sold. Also that the validity of the consideration is to be determined by the law of the *place of the contract.* 8 C. J. 92–96.

We do not question the soundness of the propositions advanced, but there remains in our mind a doubt as to their applicability under the facts in the instant case. In this case there is no question raised as to the validity of the sale or of the consideration. The question is merely as to the validity of the instrument evidencing the sale. Thus, while those who concurred in the original opinion unqualifiedly still incline to the view that the validity of the instruments, under the record made, should be regarded as controlled by the law of the place of performance, they also join in the view of Mr. Justice Robinson that the notes, though not bearing the stamp required by § 10,251, Comp. Laws 1913, are not void as between immediate parties. Since the majority of the members of the court are agreed upon the interpretation and effect of the statute, the original opinion is withdrawn and will not be officially reported,— this opinion being substituted.

The statute upon whch the appellant relies to void the note (Comp. Laws 1913,) § 10,251 reads in part as follows:

"Every person who takes any obligation in writing for any lightning rod, or any of its attachments, or for any patent right or claimed to be

a patent right, or for which any stallion or jackass shall form the whole or any part of the consideration, or for any patent medicine, or for which the whole or any part of the consideration shall be the future cure of any disease or ailment, shall, before it is signed by the maker, stamp or write in red ink across the face of such written obligation in plain, legible writing, or print the words . . . 'given for a patent right' [etc.] . . . as the case may require." Violation of the provisions is made a misdemeanor, and, in addition to the punishment, it is provided that the person violating the statute "shall be liable in a civil action to the party injured for all damages sustained by him." An obligation stamped as required by the statute is declared to be non-negotiable and subject to defenses in the hands of every holder or agent. The meaning and purpose of this statute seem to us to be clear. It is designed to prevent the taking of written obligations for the payment of money in lightning rod, patent right, or other transactions which are so frequently tainted with fraud, without being so stamped as to secure to the vendee ample opportunity for interposing any defenses he may have. Inasmuch as these contracts are frequently obtained by irresponsible parties, the efficacy of the statute lies principally in its deterrent effect. Consequently, the penalty is made comparatively severe, and it is not to be extended by judicial construction. Oates v. First Nat. Bank, 100 U. S. 239, 25 L. ed. 580; Grove v. Great Northern Loan Co. 17 N. D. 352, 138 Am. St. Rep. 707, 116 N. W. 345. If it were intended to add to the penalty of the statute the further penalty that the transaction should be wholly void between the immediate parties, it would seem that the legislature would have so prescribed.

Counsel relies for authority upon adjudicated cases under somewhat similar statutes, of which the following may be said to be typical: New v. Walker, 108 Ind. 365, 58 Am. Rep. 40, 9 N. E. 386; Sandage v. Studabaker Bros. Mfg. Co. 142 Ind. 148, 34 L.R.A. 363, 51 Am. St. Rep. 165, 41 N. E. 380; Pinney v. First Nat. Bank, 68 Kan. 223, 75 Pac. 119, 1 Ann. Cas. 331; Nyhart v. Kubach, 76 Kan. 154, 90 Pac. 796; Citizens' State Bank v. Rowe, 36 S. D. 151, 153 N. W. 939.

We do not regard the Indiana and Kansas cases as authoritative decisions under a statute such as ours. The statutes under which the Indiana and Kansas cases arose not only purported to regulate the taking of written obligations in consideration of a patent right, but, as a prior

and further means of protection, imposed upon vendors of patent rights the duty of filing in a specified county office a copy of the letters patent and certain affidavits supporting the genuineness of the patent and the right of the vendor to sell. In some of the cases the answer of the defendant showed a violation of this provision of the statute as well as a violation of the section relating to the stamping of the obligation. It is obvious that a statute making it a penal offense for one to sell an interest in a patent without first registering the required evidences of genuineness would affect the entire consideration and the validity of the sale itself. The sale is prohibited; and, being prohibited, no rights between the parties can be rested upon it. In the South Dakota case the court quoted with approval from and followed the Indiana cases. The language quoted, however, was employed in cases where the vendor had violated both statutes; that is, where the sale itself had been made without first registering the patent in the proper county office and the note taken without the appropriate stamp. The illegality of the note in the principal Indiana case relied upon by the South Dakota court does not depend merely upon the failure to properly stamp the obligation, and this seems to have been recognized by the court, for it said:

"A promissory note, executed in a transaction forbidden by statute, is at least illegal as between the parties and those who have knowledge that the law was violated." New v. Walker, 108 Ind. 365, 369, 58 Am. Rep. 40, 9 N. E. 386.

The transaction forbidden by statute is the sale without prior registration. The holding of the South Dakota court, being based, as it is, principally upon authorities coming from states where the statutes are so essentially different, does not commend itself to our judgment as a correct interpretation of our statutes.

It is our opinion that the failure to stamp a note or other obligation in the manner required by statute does not render the obligation void. A statute substantially similar to ours was before the court of appeals of New York in the case of Herdick v. Roessler, 109 N. Y. 127, 16 N. E. 198. Regarding its effect upon the note, the court, speaking through Andrews, J., said (page 133):

"The state law operates upon the thing taken for the right sold, when that is a negotiable instrument, by requiring the consideration to be plainly expressed, and thus subjecting the instrument, when trans-

ferred, to the same defenses in the hands of the transferee as in the hands of the original holder. *The statute does not make the note illegal,* although the statutory words are omitted, nor does it take from a bona fide transferee for value before maturity, without notice of the consideration, the protection accorded to commercial paper by the law merchant." See also to the same effect, Tod v. Wick Bros. 36 Ohio St. 370–386.

In Streit v. Waugh, 48 Vt. 298, Justice Redfield construed a similar statute in the same way, saying (page 300) :

"The statute does not declare the sale of patent rights unlawful; nor prohibit actions founded on notes given for such sales. The purpose of the statute was, obviously, to prevent the transfer of notes given for the purchase of such property, into the hands of innocent and bona fide purchasers. The second section requires the person taking such note to insert therein the words, 'given for a patent right,' and declares all such obligations, if transferred, subject to all the defenses to which they would be subject if owed by the original promisee. If the patent right was good and valuable, and an adequate consideration for the note, *the statute does not say that the promisor could defend against the note because these words were omitted; but that the transferee shall stand like the promisee as to all just and legal defense.* The case does not state that there was fraud in the sale of the patent right, or any actual infirmity in the note. We think the omission of Conkling to insert in the note the words 'given for a patent right' does not render the note void, and does not preclude the plaintiff's recovery on the note."

In Arkansas, where the statute expressly provided that a note not executed and stamped in the manner required by statute should be "absolutely void," it was held that an action could be maintained by a seller who had violated the statute to recover on the original contract of sale. In speaking of the effect of the statute, the court, in Roth v. Merchants' & Planters' Bank, 70 Ark. 200, 91 Am. St. Rep. 80, 66 S. W. 918, said:

"The object of this statute was to save a vendee of 'any patent machine, implement, substance, or instrument of any kind or character whatsoever,' all the defenses he may have to an action on his note for the purchase money, and to prevent the loss thereof by a transfer of the note to an innocent holder before maturity. The failure to comply with the statute does not affect the validity of the sale, but renders only the

note absolutely void. The penalty does not reach beyond the object to be accomplished. Though the note may be void, the vendor can recover whatever may be due him on the contract of sale from the vendee."

Our statute does not go to the length of the Arkansas statute in declaring the instrument to be "absolutely void," and neither do we have a statute which purports to forbid the transaction; that is, the sale, until evidences of genuineness are made a part of the public records. We think it clear, therefore, that the sale is valid, though, in taking the obligation without properly stamping it, the purchaser shall have incurred the penalties of the statute. If, as between the immediate parties, the contract of sale is valid, we can see no good reason for denying recovery in an action on a note, which the statute has not declared to be void, where the purchaser has had every protection which the statute accords him.

The defendant in the instant case in fact pleaded other defenses than the violation of the statute, and, though the evidence shows that substantial payments had been made, no attempt was made to support the allegations of failure of consideration in the answer. Under our statute and under the record made, we can see no reason for a technical holding that would result in a dismissal of this action and compel the bringing of a separate action upon the original contract of sale.

The petition for rehearing is denied.

CHRISTIANSON, Ch. J., and ROBINSON, J., concur.

To the majority opinion filed January 16, 1920, for which the foregoing opinion is substituted, the following dissent was that day filed:

BRONSON, J. I dissent. This is an appeal from a judgment rendered by the trial court without a jury, in favor of the plaintiff, upon two promissory notes. The record is short; the facts are not disputed; questions of law alone are concerned. Two promissory notes involved were made by the defendant to the plaintiff, the sole consideration therefore being a patent right for a seed disinfector. The notes bear the date, "State of North Dakota, Dec. 7, 1917." Such notes contain no marks of any kind thereupon to indicate that they were given for such patent right.

At the trial in May, 1919, the plaintiff introduced the notes, proved

their execution, and nonpayment, and rested. The defendants thereupon moved for dismissal of the action upon the ground that the notes violated § 10,251, Comp. Laws 1913, and could not be used to sustain any judgment in a court of justice. The defendant then rested and renewed the motion.

The record discloses that thereupon the court, in May, 1919, made its findings of fact and conclusions of law, in favor of the plaintiff without making any specific finding of fact concerning the place of execution of such notes or of the application of § 10,251, Comp. Laws 1913, thereto. Judgment, accordingly, was entered in favor of the plaintiff for the total amount of $1,503.63, from which this appeal has been prosecuted. The appellant specifies error in the action of the trial court in overruling the objections made and in finding in favor of the plaintiff.

Sec. 10,251, Comp. Laws 1913, provides that every person who takes any obligation in writing for any patent right or claimed to be a patent right shall, before it is signed by the maker, stamp or write in red ink, across the face of such written obligation, in plain legible writing, or print, the words "given for a patent right;" that such obligation so stamped shall not be negotiable, but shall be subject to the defenses in the hands of every holder or owner thereof; that any person who shall violate the provisions of such section is guilty of a misdemeanor, and shall be liable in a civil action, to the party injured, for all damages sustained by him. The substance of the above statute applicable herein has been stated.

It is presumed that these notes dated in North Dakota were executed and delivered in this state. 8 C. J. 88. Two questions of law are presented:

(1) Is the statute quoted valid and applicable?

(2) If such statute be valid and applicable, are the notes enforceable in the courts of this state?

On the part of the respondent, it is contended, in part, that the statute is unconstitutional and void for the reason that it serves to interfere with rights granted by the Federal statutes concerning patents and the sale and assignability thereof. The statute involved does not prohibit an action or a recovery upon a note given for a patent right. It does not prohibit any contract for, or any sale or assignment of, a patent right. This action is not brought upon notes bearing the indorsement provided

by statute where the question might arise concerning the validity of the statute restricting the negotiability of such notes. This action is brought upon notes which pretend to be, and might be, based upon some consideration other than that required by the statute to be expressly stated in such cases. For purposes of this case, the statute has simply required that, in addition to the words, "for value received," in such notes, there shall also be a specific statement, further concerning the consideration, namely "given for a patent right." There appears no legal reason why, in this regard, the state may not legislate properly by requiring a statement of the specific consideration in a note as well as by legislating concerning a general consideration required in a note through the words "for value received." See 10 Fed. Stat. Anno. 2d ed. 646, 647; Patterson v. Kentucky, 97 U. S. 501, 24 L. ed. 1115; notes in 20 L.R.A. 606, and 29 L.R.A. 788; New v. Walker, 108 Ind. 365, 368, 58 Am. Rep. 40, 9 N. E. 386. The statute is held valid. Concerning the right to enforce this obligation in the courts of this state, irrespective of the provisions of the statute, the respondent contends that the notes, being payable in Wyoming, are governed by the laws of that state, and, in the absence of proof to the contrary, that the law merchant obtains: Further, that the statute, in any event, simply takes from such notes the character of negotiability, giving a right of action for damages sustained by the maker, and not prohibiting an action upon such notes, as subject to all defenses. The notes in question were executed in this state, as the respondent in his brief admits. They are sought to be enforced in this state. The law of Wyoming cannot be used as an instrumentality in defeating the penal provisions of a statute applicable to a contract made and sought to be enforced in this state. 8 C. J. 86. The statute is applicable. The statute makes it unlawful to issue notes of this character without a statement thereon of the specific consideration. It makes it unlawful to put into circulation a note which might be presumed on its face to be for some other consideration than that which the statute prescribes. The respondent seeks to enforce not the notes which the statute permits, but notes intended to be different than those prescribed by the statute, and which give an opportunity to the payee to perpetrate wrong and injustice by their circulation. See Smith v. Wood, 111 Ga. 221, 36 S. E. 649; Parr v. Erickson, 115 Ga. 873, 42 S. E. 240; Heard v. National Bank, 143 Ga. 48, 84 S. E. 129;

Roth v. Merchants' & Planters' Bank, 70 Ark. 200, 91 Am. St. Rep. 80, 66 S. W. 918. It is no answer to state that a remedy exists by prosecution of the payee. The statute was enacted for the protection of the public, whether it be maker, or, possibly, subsequent holders of such notes.

The respondent seeks to recover on the specific note; not the obligation or contract, if any, upon which the notes were given. As stated in Wald v. Wheelan, 27 N. D. 624, 631, 147 N. W. 402: "Contracts to perform acts forbidden by express statute, or which subject the parties to punishment, are unenforceable. . . . Would not the enforcement of such contracts by courts be lending the processes of law to promote and encourage disobedience to law?"

The statute being applicable, these notes are unenforceable, as such, in the courts of this state. Norbeck & N. Co. v. State, 32 S. D. 189, 142 N. W. 847, Ann. Cas. 1916A, 229; Citizens' State Bank v. Rowe, 36 S. D. 151, 153 N. W. 939; Sandage v. Studabaker Bros. Mfg. Co. 142 Ind. 148, 156, 34 L.R.A. 363, 51 Am. St. Rep. 165, 41 N. E. 380; Nyhart v. Kubach, 76 Kan. 154, 90 Pac. 796.

The judgment should be reversed and the action ordered dismissed.

GRACE, J., concurs.

BRONSON, J. (upon petition for rehearing.) I dissent. I adhere to the views expressed in my former dissenting opinion herein. The majority opinion now bases its holding upon the ground that the note, not stamped as required by the statute, is not void, and that there exists no reason, technically, upon the record herein, for dismissing this action and compelling the institution of another action upon the original contract of sale. This action is instituted on a note which has been made contrary to an express provision of law. The question is not the technical question of dismissing this action so brought on that note, but rather the question of permitting recovery in the civil courts upon a contract which by statute is made unlawful. Section 5922, Comp. Laws 1913, provides that a contract is not lawful which is contrary to an express provisions of law. Under the majority opinion, as now filed, this contract, though unlawful by statute, is nevertheless not void unless the penal statute expressly so declares it. Upon consider-

ations of public policy it is ordinarily axiomatic that a recovery will not be permitted upon unlawful contracts. See Wald v. Wheelon, supra; note in 8 Am. Dec. 691. A rehearing should be granted.

GRACE, J., concurs.