HAMLIN COUNTY LIVESTOCK SALES PAVILION COM-
PANY, Appellant, v. KARLSTAD, Respondent.

(202 N. W. 141.)

(File No. 5685.   Opinion filed January 24, 1925.)

**Licenses — Blue Sky Law — Securities Commission — Corporations — Stock Subscriptions — Subscription, Before Organization, to Stock of Corporation Violating "Blue Sky" Law, Void.**

Under Rev. Code 1919, Sec. 10128, denominating all persons or organizations selling stocks issued by them within the state, domestic investment companies, Sec. 10130 providing that before such sale detailed plan of business be filed with the Securities Commission, Sec. 10140 requiring certificates of approval from Securities commission, and Sec. 10149 making violation penal offense, subscription before organization to stock of corporation without compliance with law is void.

Appeal from Circuit Court, Hamlin County; Hon. W. W. Knight, Judge.

Action by the Hamlin County Livestock Sales Pavilion Company against Harry M. Karlstad.  Judgment for defendant and plaintiff appeals.  Affirmed.

*Linstrom & Benthin,* of Hayti, for Appellant.

*Hanten, Hanten & Henrikson,* of Watertown, for Respondent.

Appellant cited:  Clapp v. Gilt Edged Consol. Mines Co. (S. D.), 144 N. W. 721, 724; Minneapolis Threshing Machine Co. v. Davis (Minn.), 41 N. W. 1026; Section 250, Rev. Code 1919; 7 R. C. L. 226, 227; 6 R. C. L. 78; Secs. 10128, 10130, Rev. Code 1919; 25 R. C. L. 1081.

Respondent cited:  Sec. 892, Rev. Code 1919; Wess v. S. D. Packing & Shipping Co. (S. D.), 180 N. W. 510; Citizens State Bank v. Rowe, 36 S. D. 151, 153 N. W. 939; Edward v. Ioor (Mich.), 172 N. W. 620; 7 R. C. L. 230, 253; 14 C. J. Sec. 938.

POLLEY, P. J.  Defendant, with others, signed a subscription contract whereby they each agreed to purchase and pay for a specified amount of the capital stock of a certain corporation to be thereafter organized.  Such corporation was organized thereafter, and defendant was called on to pay for and receive the stock for which he had subscribed.  This he refused to do.

One of the grounds on which defendant refused to pay for

said stock is that the parties to the said subscription contract had not complied with the so-called "Blue Sky" Law (sections 10127, 10149, inclusive, Code 1919), claiming that for that reason the said contract was void; plaintiff contending that said law does not apply to subscriptions for stock made prior to the organization of the corporation brought this action to enforce such payment. In this contention plaintiff is clearly wrong. Section 10128, C. 1919, provides that every person or association, incorporated or unincorporated, who shall engage in the business of negotiating for the sale of any stocks to be issued by him or it within this state shall for the purpose of this law be a domestic company. Section 10131, C. 1919, provides that before selling, offering for sale, taking subscriptions for, or negotiating for the sale in any manner whatever in this state, of any stocks, bonds, etc., shall file in the office of the Securities 'Commission a statement in full detail of the plan upon which it proposes to transact business; a copy of all contracts, stocks, bonds or other instruments which it proposes to make with, or sell to, its contributors or customers, together with a copy of its prospectus, etc. Section 10140 provides that it shall be unlawful for any investment company, either directly or indirectly, to sell or cause to be sold, offer for sale, take subscriptions for, or negotiate for the sale in any manner in this state, of any stocks, bonds, etc., except as expressly exempted by law, unless and until the Securities Commission has approved thereof and issued its certificate in accordance with the provision of said law; and section 10149 provides a punishment by both fine and imprisonment for the violation of any of the above provisions.

Under the provisions of section 10128 the association, whatever its form, that secured the subscription of defendant was an investment company. Under the provisions of section 10130 it was the duty of said investment company before taking any subscriptions to file with the Securities Commission a detailed statement of the plan upon which it proposes to do business. Sections 10140 and 10149 make it not only unlawful, but a penal offense to violate any of the above provisions of the law.

This brings the case within the rule followed by this court in Citizens' Bank v. Rowe, 36 S. D. 151, 153 N. W. 939, and for the reasons therein stated the subscription by defendant that is

sued on in this action is void, and plaintiff is not entitled to recover.

The judgment appealed from is affirmed.

ANDERSON, J., not present.

Note.—Reported in 202 N. W. 141.   See, Headnote, American Key-Numbered Digest, Licenses, Key-No. 39, 37 C. J. Sec. 170.